**Wilbert Lloyd ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47827.**

Court of Criminal Appeals of Texas.

April 3, 1974.

**548**

Ben L. Aderholt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough, Jim Ezer, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed at five (5) years.

During the penalty phase of the trial, the State called a deputy district clerk for the purpose of proving a prior criminal conviction against appellant. After identifying a certified copy of a judgment, the deputy was permitted to testify that the judgment showed that a person named Wilbert Lloyd Rose was convicted of misdemeanor theft on June 12, 1970. Appellant's objection, that the State had failed to lay a proper predicate, was overruled. The certified copy of the judgment was not introduced into evidence at that time.

The State then called an officer who qualified as a fingerprint expert and the officer was permitted, over appellant's objection that such testimony constituted hearsay, to testify as to material found on a jail card. The officer testified that the card contained the appellant's fingerprints, and he was further permitted to testify that the card, dated April 1, 1970, showed that appellant had been "charged" with felony theft. Appellant's objection and request, that the court instruct the jury not to consider the jail card or the officer's testimony given from the card, were overruled.

Following the officer's testimony the State introduced the certified copy of the judgment dated June 12, 1970. Appellant's objection that the judgment constituted hearsay was overruled.

The State argues that the evidence taken from the jail card showed that appellant was the person convicted of misdemeanor theft in the judgment dated June 12, 1970. We disagree.

The State failed to show that the jail card was a part of the record of the prior conviction. There is no independent testimony in the record showing that appellant was the person convicted in the judgment dated June 12, 1970. In the absence of such testimony, the certified copy of the judgment or any testimony taken from the judgment was not admissible. Cain v. State, 468 S.W.2d 856 (Tex.Cr.App.1971); and Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App.1968).

Article 37.07, Vernon's Ann.C.C.P., provides that at the punishment stage of the trial, evidence of the "prior criminal record" of the defendant is admissible. Prior criminal record is defined as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

In the instant case there is no independent testimony that appellant was the person convicted of misdemeanor theft in the judgment dated June 12, 1970, and the admission of the hearsay evidence from the jail card that appellant had been previously charged with felony theft constituted reversible error.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.