**James Daniel HUMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 042–86.**

Court of Criminal Appeals of Texas, En Banc.

March 16, 1988.

On Motion for Rehearing March 16, 1988.

Rehearing Denied May 11, 1988.

Mike Gibson, Robert T. Baskett, Dallas, for appellant.

Gene Knize, Co. Atty. and Daniel McBride, Asst. Co. Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TEAGUE, Judge.

Appellant's Motion for Rehearing is granted.

The opinions filed in this cause on February 3, 1988 are hereby ordered withdrawn and the following is substituted therefor.

To vest jurisdiction in the district court and to establish that James Daniel Human, hereinafter appellant, had committed the felony offense of driving while intoxicated, the State alleged in the indictment the following: that (1) appellant committed the primary offense of driving while intoxicated, (2) he had previously been twice finally convicted of committing the felony offense of driving while intoxicated, and (3) the first alleged prior felony conviction had become final before he was convicted of the last alleged prior felony conviction. See Art. 6701*l*-1, V.A.C.S. Also see and compare V.T.C.A., Penal Code, § 12.42(d), and the cases collated thereunder, which concern pleading and proof regarding prior felony convictions alleged to enhance the punishment of an "habitual" criminal to a minimum of 25 years' confinement and not

more than 99 years' confinement or life imprisonment in the Department of Corrections.

The jury found appellant "guilty of Driving While Intoxicated, as charged in the indictment." This effectively convicted appellant of the felony offense of driving while intoxicated. Punishment was also assessed by the jury at one year confinement in the Ellis County Jail and a $2,000.00 fine.

On direct appeal, appellant, through counsel, presented to the Waco Court of Appeals four points, nee grounds, of error, to-wit: "1. The admissible evidence is insufficient to prove the first prior conviction alleged in the indictment; 2. The admissible evidence is insufficient to prove the second prior conviction alleged in the indictment; 3. Because the evidence is insufficient to prove both the prior convictions alleged in the indictment, this court must reverse the judgment and order entry of judgment of acquittal; 4. The court erred in admitting State's exhibit one, which contained evidence of extraneous acts of misconduct". In an unpublished opinion, the Court of Appeals sustained appellant's first two points of error and reversed. See *Human v. State*, (Tex.App.–10th, No. 10–84–177–CR, November 7, 1985).

As previously pointed out, the State charged appellant with committing the primary offense of driving while intoxicated. In order to vest the district court with jurisdiction, the State also alleged in one paragraph of the indictment that *on March 20, 1979* appellant was convicted in the 204th Judicial District Court of Dallas County in cause number *F–78–8690–IQ* of the felony offense of driving while intoxicated, and alleged in another paragraph of the indictment that *after the 1979 conviction had become final, on November 7, 1980*, appellant was convicted in the 195th Judicial District Court of Dallas County in cause number *F–80–11997–MN* of the felony offense of driving while intoxicated. Having made these allegations against appellant, it was, of course, incumbent upon the State to prove its allegations beyond a reasonable doubt. See, for example, *Littles v. State*, 726 S.W.2d 26, 28 (Tex.Cr. App.1984).

 In deciding the question of sufficiency of the evidence that is based either on direct or circumstantial evidence that relates to guilt, this Court views the evidence in the light most favorable to the jury's verdict. We consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, which test was adopted from *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See *Burks v. State*, 693 S.W.2d 932, 937 (Tex. Cr.App.1985).[1] Where the State's case is based upon circumstantial evidence, the "exclusion of an outstanding reasonable hypothesis" test may be used as one means of making the determination whether the evidence is sufficient. See, for example, *Garrett v. State*, 682 S.W.2d 301, 304 (Tex. Cr.App.1984). In that instance, " 'if the evidence supports an inference other than the guilt of the appellant, then a finding of guilt beyond a reasonable doubt is not a rational finding.' " *Garrett*, supra, at 304–305, quoting from *Denby v. State*, 654 S.W. 2d 457, 464 (Tex.Cr.App.1983). Also see *Wilford v. State*, 739 S.W.2d 854, 858–859 (Tex.Cr.App.1987); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983).

We have not yet found any good reason why the above rules should not be applied to the situation where the State has alleged prior convictions, either for jurisdictional purposes or to enhance punishment. Therefore, we will apply them to those situations.

In this instance the State's case, to prove its prior conviction allegations, was based upon circumstantial evidence. The Court of Appeals held that the evidence was insufficient to establish that appellant was one and the same person named in the prior conviction allegations, reversed the trial court's judgment, entered a judgment of acquittal as to appellant being convicted of a felony offense, and instructed the trial

1. See also *Combs v. State*, 643 S.W.2d 709 (Tex. Cr.App.1982); and *Gold v. State*, 736 S.W.2d 685 (Tex.Cr.App.1987) (Teague, J., dissenting opinion.)

court to transfer the cause to a court having jurisdiction over the misdemeanor offense of driving while intoxicated. See *Human v. State*, supra. As to the latter, this amounted to sustaining appellant's third point of error. However, we do not find where the Court of Appeals ruled on appellant's fourth point of error. In order to eliminate the necessity of remanding this cause to the Court of Appeals, we will address that point of error, and overrule it.

We granted the State's petition for discretionary review in order to make the determination whether the Court of Appeals correctly decided appellant's contentions. Finding that it did not, we will reverse its judgment and affirm the judgment of the trial court.

As previously pointed out, the State alleged that appellant committed the primary offense of driving while intoxicated, and also alleged in two paragraphs, for jurisdictional purposes, that on March 20, 1979, appellant had been convicted in the 204th Judicial District Court of Dallas County in cause number F-78-8690-IQ of the felony offense of driving while intoxicated, and that on November 7, 1980, after the 1979 conviction had become final, appellant was convicted in the 195th Judicial District Court of Dallas County in cause number F-80-11997-MN of the felony offense of driving while intoxicated.

The record reflects that the trial judge instructed the jury on the alleged prior convictions at the guilt stage of the trial, but did not instruct the jury on same at the punishment phase of the trial. In the "application" paragraph of the charge on guilt, the trial judge instructed the jury that it could find appellant guilty of the felony offense of driving while intoxicated only if it found that appellant had committed the alleged primary offense of driving while intoxicated and further found that the State had established that appellant was one and the same person as that named in the alleged prior convictions. The jury was further instructed in the charge on guilt: "[I]f you do not so find, or if you have a reasonable doubt thereof, you will find the defendant not guilty." The jury found ap-

pellant "guilty of Driving While Intoxicated, as alleged in the indictment." In the punishment charge, the trial judge instructed the jury pursuant to the terms of Art. 6701*l*-1(e), supra, which provides: "If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by: (1) a fine of not less than $500 or more than $2,000; and (2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term not less than 60 days or more than five years." As noted, the jury assessed appellant's punishment at 2½ years' confinement in the Department of Corrections and a $2,000.00 fine.

We believe that for the reader to fully understand and appreciate why we reverse the judgment of the court of appeals he might find it helpful to first carefully read the exhibits that were admitted into evidence that concerned the alleged prior convictions, which exhibits we have attached to this opinion in the form of "Appendixes A, B, C, and D". The evidence established that the fingerprints contained within the exhibits were shown to match appellant's known prints.

This Court in the past has set out ways that the State may establish that the defendant on trial is one and the same person who has been allegedly previously convicted. Although not exclusive or exhaustive, see the list of the ways this may be accomplished that is set out in *Littles v. State*, supra. Also see *Jones v. State*, 500 S.W.2d 661 (Tex.Cr.App.1973), but also see and compare *Porter v. State*, 578 S.W.2d 742 (Tex.Cr.App.1979); *Denby v. State*, supra, (On original submission), concerning the fact that not everything within a State's "jail file" or "jail record" on a named individual becomes admissible evidence under the business records exception to the hearsay rule of evidence. We do not find it necessary to repeat all of the established ways that a defendant may be proved to be one and the same person named in an alleged prior conviction or convictions. We find that it is sufficient to state that ordi-

narily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions. And that is what resulted here. Considering all of the pieces of circumstantial evidence that went to what the State had to prove, the picture of appellant, and only the appellant, as being one and the same person named in the alleged prior convictions was shown to exist.

The issue as we view it is whether the evidence was rendered insufficient because there was a material variance between what was alleged and what was proved by the State.

This Court in recent times has held that for a variance between the pleading and the proof to exist, thus rendering the evidence insufficient to sustain what was alleged, such must have been material and prejudicial to the defendant. See *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App. 1976). Also see *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); 2 La Fave and Israel, *Criminal Procedure* (1985), § 19(h), i.e., there must be a real and tangible difference between the allegations in the pleading and the proof offered in support thereof. E.g., *Black's Law Dictionary* (1979 edition), pp. 1392–1393.

In *Martin v. State*, 152 Tex.Cr.R. 261, 213 S.W.2d 548 (1948), this Court pointed out the following: "The purpose of the requirement that the proof correspond to the allegations in the indictment are: first, to put an accused on notice as to the charge against him; and second, in order that he can, if necessary, plead the same in the event of a further attempt to put him again in jeopardy for the same alleged act. (Citations omitted.)" (548–549). Also see the concurring opinion that Chief Justice Nye of the Corpus Christi Court of Appeals filed on original submission in *Blevins v.*

*State*, 672 S.W.2d 828 (Tex.App.–13 Dist. 1984) (No P.D.R.), and see *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978).

The record reflects that appellant did not complain on direct appeal, nor does he complain in this Court, that the allegations that went to the prior convictions were insufficient to give him notice of what the State intended to prove against him. His real complaint on appeal was that the evidence adduced was insufficient to establish that he was one and the same person as that named in the alleged prior felony convictions.

It is true that this Court in the past has held the State to a very strict accountability standard in its proof going to alleged prior convictions, see, for example, *Corley v. State*, 158 Tex.Cr.R. 207, 254 S.W.2d 394 (1953); *Melancon v. State*, 367 S.W.2d 690 (Tex.Cr.App.1963); *Boone v. State*, 450 S.W.2d 614 (Tex.Cr.App.1970); *Green v. State*, 153 Tex.Cr.R. 273, 219 S.W.2d 687 (1949); and *Colvin v. State*, 172 Tex.Cr.R. 310, 357 S.W.2d 390 (1962), and that in recent times, see *Plessinger v. State*, supra, has lessened that standard. Previously, the slightest of discrepancies would result in a reversal of the trial court's judgment and sentence. Today, however, the rigid rule that a mere or slight variance between what was alleged and what was proved was sufficient to render the evidence insufficient no longer applies.

It appears that this Court's turning point was *Plessinger*, supra. There, the State had alleged that the defendant had been previously convicted in a cause styled "The State of Texas vs. Delbert Lorrain Plessinger, Jr." The proof, however, established that appellant had been previously convicted in that cause styled "The State of Arizona vs. Delbert Lorrain Plessinger, Jr." This Court held that, notwithstanding the discrepancy and variance, the evidence was sufficient to establish that the defendant was one and the same person who was alleged to have been previously convicted in the cause styled "The State of Texas vs. Delbert Lorrain Plessinger, Jr." The Court stated the following: "While the carelessness here involved is not to be con-

doned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice." (381).

In *Hall v. State,* 619 S.W.2d 156 (Tex.Cr. App.1980), a panel of this Court reversed the trial court's judgment after it found that a variance existed between the allegation, that the prior conviction was based upon an "indictment", and the proof that the prior conviction was based upon an "information." On rehearing, however, the trial court's judgment was affirmed. This Court on rehearing held that if *Plessinger,* supra, did not expressly overrule *Melancon,* supra, *Boone,* supra, and *Corley,* supra, and other cases in conflict, they were then expressly overruled. This Court then stated the present rule of law that this Court subscribes to: Before a variance between the pleading and proof might be fatal, and thus cause the conviction or punishment to be reversed, such variance has to be both material and prejudicial to the defendant. The Court held in *Hall,* supra, that a variance between the allegation "indictment" and the proof of "information" was not a material variance that was prejudicial to the defendant; thus, a fatal variance did not exist, and the conviction was affirmed.

In *Cole v. State,* 611 S.W.2d 79 (Tex.Cr. App.1981), this Court again reaffirmed the present rule of law. There, the Court was confronted with a variance between the allegation of "Cause No. 87954" and the proof of "Cause No. 87594." In holding that this did not constitute a fatal variance the Court pointed out that in *Hollins,* supra, it had held that variance between the numbers "No. 9097" and "No. 9027" was a fatal variance, and reversed. The Court also pointed out in *Hollins,* supra, that in *Colvin,* supra, this Court held that the variance between the numbers 149896 and 149986 constituted a fatal variance, and reversed. In *Cole,* supra, however, this Court pointed out that in recent times it had adopted a relaxation of the rigid rules of the past, found that the defendant had failed to show suprise or prejudice as to the variance, and held: "When all the other proof supports the allegations which are otherwise sufficient, a transpositional error

in the cause numbers would not prevent a defendant from finding the record of the prior conviction and presenting a defense. See *Thomas v. State,* 496 S.W.2d 578 (Tex. Cr.App.1973); *Baity v. State,* 455 S.W.2d 305 (Tex.Cr.App.1970). We conclude the variance is not fatal ... Also, to the extent that *Colvin, Green,* and other cases are in conflict with our holding today, they are overruled."

Thus, we will review the decision of the Court of Appeals that held that the evidence was insufficient to establish that appellant was one and the same person named in the alleged prior convictions, thus causing a fatal variance between what was alleged and what was proved as to the alleged prior felony convictions, in the light of the more recent rule of law that this Court has approved.

We will hold against appellant and will reverse the judgment of the court of appeals, repeating the above admonition: "While the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice." *Plessinger,* supra.

We point out that appellant has never asserted that he was not given sufficient notice through the pleadings of what the State intended to prove, that he was ever surprised, or that he was misled to his prejudice by the discrepancies that existed between the State's allegations and its proof.

We pause to point out that State's Exhibit Number 4, our "Appendix C", is a photocopy of the original exhibit and because of this the number can be read to state F780890 rather than F780890. However, we now find that the record clearly supports the conclusion that the number in the exhibit should be F780890 rather than F780890.

■ Given the state of the record going to the alleged cause number F–78–8690–IQ and the proof going to that cause number, although being cause number F7808690, we cannot conclude that the variance was fa-

tal, or that appellant was suprised or prejudiced by the discrepancy.

In order to prove up the felony conviction that relates to cause number *F–80–11997–MN*, which allegedly occurred on *November 7, 1980*, the State had a custodian of records for the City of Dallas Police Department testify. He testified concerning *State's Exhibit Number 1*, a copy of which is attached to this opinion as "Appendix A". Through this witness' testimony, certain business jail records of the City of Dallas Police Department were admitted into evidence. The exhibit contains what purports to be the entire City of Dallas jail record that pertained to a person by the name of James Daniel Human, which is the same name that our appellant has. This exhibit contains, among other things, fingerprints of a person by the name of James Daniel Human, and gives certain personal information, such as his then age, height, weight, color of hair and eyes, occupation, date and place of birth, social security number, etc. It also contains a photograph of that person. It further lists the dates and offenses for which that person had been incarcerated in the Dallas City Jail. It also lists the purported disposition of those charges. There is no testimony, however, from the custodian that might reflect or indicate *how* the Dallas Police Department obtained the information that was placed under the "disposition" section of what was labeled "the transcript of the record", which is the last page of the exhibit. The only case on the "transcript" that is of interest to us that is reflected under the "disposition" section of the exhibit is cause number "F80–11997 N". The State alleged in the indictment cause number "F–80–11997–MN". We find that these numbers are substantially the same.

A "fingerprint" expert testified that in his opinion the fingerprints contained in the exhibit and appellant's print matched.

A copy of the judgment and sentence that related to the conviction in alleged cause number F–80–11997–MN was admitted into evidence without objection. See

State's Exhibit No. B, our "Appendix D". This exhibit reflects that a person by the name of James Daniel Human was convicted in cause number F–80–11997–MN on October 24, 1980 of the felony offense of driving while intoxicated and was assessed a fine of $750.00 and court costs, and was ordered confined until the fine and court costs were paid. State's Exhibit No. 1, which contains personal date information and a photograph, reflects the following under the "Disposition" part of the exhibit:

Fld. 195th

F80–11997N

$750.00

10–24–80

■ When this exhibit was offered into evidence, appellant did not specifically object to this part of the exhibit on the ground that it was not a proper part of the business records of the City of Dallas Jail, which would have been a proper objection. However, the remaining part of the exhibit was a business record of that entity. Under *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980), where part of an exhibit is admissible and part is not, in order to complain on appeal about the admission into evidence of the exhibit, the defendant must have made in the trial court a specific objection to the inadmissible part of the exhibit.[2] Because appellant did not specifically object to the "disposition" part of the exhibit, on the ground that it was not a proper business record of the City of Dallas Jail, and even though hearsay evidence, under *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986), the information under the "disposition" part of the exhibit, as well as the copy of the judgment and sentence, possessed probative value in determining the sufficiency of the evidence going to alleged cause number F–80–11997–MN, and could be considered by the trier of fact.

Because the copy of the judgment and sentence were not shown to be directly connected to appellant, the Court of Appeals held that such was not "probative evidence that Appellant was the same per-

2. Under *Hernandez,* supra, appellant's failure to specifically object to the inadmissible portions of State's Exhibit Number 1 causes us to overrule his fourth ground of error.

son who had been previously convicted of the offense alleged in the first jurisdictional paragraph of the indictment." We disagree. Such information contained within the exhibit certainly could be used as circumstantial evidence to prove that appellant was one and the same person named in the alleged prior conviction numbered F–80–11997–MN.

We find and hold that although there was a slight discrepancy between the alleged cause number, F–80–1197–MN, and the proved cause number, F80–11997N, the circumstantial evidence adduced is more than sufficient to exclude every reasonable hypothesis of identity except that of appellant. We further find and hold that any rational trier of fact could conclude from the admitted circumstantial evidence that appellant was one and the same person who was convicted in cause number F–80–11997–MN, as alleged in the indictment.

We also point out that in *Littles,* supra, a majority of this Court held that even though there was not a detailed description of the defendant in evidence, but the evidence was based upon an expert fingerprint person's testimony and photographs of the defendant, the evidence was sufficient to establish that the defendant was one and the same person as that named in the alleged prior convictions.

In order to establish the alleged felony conviction in cause number *F–78–8690 IQ,* the State had a custodian of the jail records of the Dallas County Sheriff's Department testify. This person was shown to be a "fingerprint" expert, and he matched up the fingerprints contained within State's Exhibit Nos. 1 and 2, see our "Appendixes A and C", with the known print of appellant, and in his opinion they were made by one and the same person, our appellant.

State's Exhibit Number 2, our "Appendix C", reflects certain personal data information, such as height, weight, social security number, race, sex, address, and cause number "F7808690", that related to a person named James Daniel Human, which is the same name our appellant has. There was no photograph in this exhibit, however. The print on this exhibit was shown to

match appellant's known prints. A copy of the judgment and sentence that related to alleged cause number F–78–8690–IQ and to a person by the name of James Daniel Human, which is the same name our appellant has, was admitted into evidence without objection. The judgment and sentence reflect that James Daniel Human was convicted in the 204th Judicial District Court of Dallas County on March 20, 1979, for the felony offense of driving while intoxicated and assessed a $500.00 fine and court costs.

The Court of Appeals relied upon this Court's decisions of *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976), and *Daniel v. State,* 585 S.W.2d 688 (Tex.Cr.App.1979), to hold that the evidence was insufficient to establish that appellant was one and the same person named in alleged cause number F–78–8690–IQ. A careful reading of the facts of those cases, however, easily shows that they are inapplicable to this cause. In *Littles,* supra, this Court held that "To the extent that *Daniels* [sic] ... or any other case can be read as holding that there are exclusive manners of proof of a defendant's identity as to prior felonies used for enhancement, they are overruled." (32). In *Daniel,* supra, the trial court's judgment and sentence were reversed because the State failed in its proof to establish that the defendant was one and the same person who had been convicted in a particular cause in the State of Louisiana. This Court held that a Dallas County jail card, which verified the fact that the person identified by testimony of the fingerprint expert as the defendant was booked in and out of the Dallas County Jail pursuant to "probation check", but which did not establish that the defendant had actually been convicted of theft and placed on probation in Louisiana, failed to establish the defendant as the party referred to in the Louisiana conviction; thus, the jail card was irrelevant to the penalty phase of the defendant's trial and was inadmissible for purposes of establishing the defendant's criminal record pursuant to Art. 37.07, V.A. C.C.P. The only reference to the Louisiana conviction was the entry on the Dallas

County Jail card: "attempted felony theft # 92803 Louisiana probationer." Thus, the facts of *Daniel,* supra, make it absolutely clear that the State failed in its proof to establish the defendant's identity as being one and the same person who had been convicted in the Louisiana cause. *Daniel,* supra, is clearly inapplicable to this cause. The facts of *Bullard,* supra, reflect that as to one alleged prior felony conviction there was no testimony to connect the defendant to that cause. The State failed to ask the fingerprint expert to make a comparison of the unknown fingerprint contained in an exhibit with the known print of the defendant. This Court held that the mere fact that the name on the jail card and the name alleged in the prior conviction were the same was insufficient to establish that the defendant was one and the same person. *Bullard,* supra, is also clearly inapplicable factually to this cause.

Although "the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice." *Plessinger,* supra. We find and hold that the cause numbers "F7808690" and "F–78–8690–IQ" are substantially the same. We also find and hold that although there was a slight discrepancy between cause numbers "F7808690" and F–78–8690–IQ", the circumstantially adduced evidence, as to alleged cause number F–78–8690–IQ, is more than sufficient to exclude every reasonable hypothesis of identity except that of appellant. We further find and hold that any rational trier of fact could conclude from the admitted circumstantial evidence that appellant was one and the same person who was allegedly convicted in cause number F–78–8690–IQ.

We again point out that appellant has never asserted that he was not given sufficient notice through the pleadings of what the State intended to prove as to cause number F–78–8690–IQ; that he was ever surprised; or that he was misled to his prejudice by the discrepancies that existed between the State's allegation and the proof going to alleged cause number F–78–8690–IQ.

Fitting all of the circumstantial evidence pieces together, we find that the State proved the alleged two prior felony convictions beyond a reasonable doubt. We also find that there was not any evidence, direct or circumstantial, that someone other than appellant was established to be the person named in the alleged prior convictions. We further find that any rational trier of fact could have so found.

■ The State also alleged in the indictment that prior to the commission of the primary offense, appellant had been finally convicted in cause number F–80–1197–MN, and that prior to the commission of both the primary offense and the above prior conviction he was finally convicted in cause number F–78–8690–IQ, and that the alleged prior conviction had become final. The circumstantial evidence reflects that appellant was placed in the Dallas County Jail on 12/28/78 pursuant to cause number "F7808690" and released on that same date. It was also established that on March 20, 1979, appellant went to court and was convicted in cause number *F78–8690–IQ* and assessed a $500.00 fine. It was further established that appellant was finally convicted in cause number F–80–11997–MN on November 7, 1980. Appellant did not in the trial court or on appeal challenge the finality or the sequence of the alleged two prior felony convictions, nor is there anything in the appellate record that might reflect or indicate that they were not final convictions. Cf. *Jones v. State,* 711 S.W.2d 634 (Tex.Cr.App.1986). Thus, the evidence is clearly sufficient to support the implicit finding that the jury made: that after appellant was finally convicted in cause number *F–78–8690–IQ* on March 20, 1979, for an offense that was committed prior to the commission of the primary offense, he was thereafter finally convicted in cause number F–80–11997–MN on November 7, 1980, for an offense that was committed prior to the commission of the primary offense and after the convic-

tion in F-78-8690-IQ had become final. Thus, the State clearly established both the finality of the alleged prior convictions and the sequence of those convictions.

Therefore, the judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

MILLER and CAMPBELL, JJ., concur.

### APPENDIX A

NAME JAMES DANIEL HUMAN 142 061 **MASTER** 6/0 17 U 0I0 15 b 17 R III 14

RACE W SEX M FBI # DPS # NCIC

AGE 20 HT. 5-8½ WT. 146 HAIR Blond EYES Blue COMP. Med OCC. Laborer

D.O.B. & NAT 4-16-54 Wichita Falls Texas SOC. SEC. # 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

ADDRESS Rt 1 Box 305 C Desota Texas SEL. SERVC # N:

DATE OF ARREST 3-17-75 ARREST # 75-15669 ARRESTED BY J A Mac Arthur

Inv Criminal Misch 2901 MILITARY # N: OP. LIC. 692676 Tex Com

CHARGE

SCARS AND MARKS Clear

PRINTED BY PHOTO BY CLASSED BY SEARCHED BY

RELATIVE Father Walter J Human Same Adress MARITAL STATUS S

POLICE DEPARTMENT, DALLAS, TEXAS
Form 69-126R

IDENTIFICATION SECTION

DOCUMENT CHECKED AGAINST ORIGINAL AND CERTIFIED CORRECT

SUPERVISOR

## POLICE DEPARTMENT
### IDENTIFICATION SECTION
#### Dallas, Texas 75201

The following is a transcript of the record as shown in the files of this Section concerning

Name _James Daniel Human_

DPD # 142 061 FBI # 349 552 L9 DPS #1,881,909

| DATE | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 03-17-75 | Dallas, Texas PD #142 061 | James Daniel Human | Inv. Criminal Mishcief. | |
| 02-11-79 | Dallas, Texas PD #142 061 | James Daniel Human | Inv. DWI | $500, 3 Days 03-19-79 |
| 08-27-80 | Dallas, Texas PD #142 061 | James Daniel Human | Inv. DWI | Fld. 195th F80-11997 S |

$750.00
10-54-80

DOCUMENT CHECKED AGAINST ORIGINAL
AND CERTIFIED CORRECT

SUPERVISOR

Notations indicated by * are NOT based on fingerprints, but are listed as investigative leads as being possibly identical with subject of this record

# APPENDIX B

DSO# _____ DPD # _____ FPC _____

NAME _____ DPS # _____ FBI # _____

RACE _____ SEX _____

AGE _____ HT _____ WT _____ HAIR _____ EYES _____ COMP _____ OCC. _____

DOB & POB _____ OP LIC# _____

ADDRESS _____ D O.A. _____

CHARGES _____ SOC. SEC# _____

SCARS & MARKS _____

RELATIVE _____ DATE PRINTED _____

TYPED BY _____ PRINTED BY _____ PHOTO BY _____ CLASSED BY _____ SEARCHED BY _____

DON BYRD, SHERIFF
DALLAS COUNTY, TEXAS

SHEF
Rev. 0

APPENDIX C

# APPENDIX D

NOTES OF THE ___204th Judicial___ ___DISTRICT COURT___ OF DALLAS COUN Y, TEXAS

NO. **F78-8690-IQ**

___January___ Term, A.D. 19 **79**

___March 20,___ A.D. 19 **79**

THE STATE OF TEXAS

VS.

___JAMES DANIEL HUMAN___

### JUDGMENT

The defendant having been indicted in the above entitled and numbered cause for the felony offense of _____

Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public Highway.

_____ and this cause being this day called for trial. the State appeared by her assistant Criminal District Attorney ___Paul Macaluso___ and the defendant ___JAMES DANIEL HUMAN___ appeared in person and his counsel _____ also being present and both parties announced ready for trial. and the Defendant in person and in writing in open Court having waived his right of trial by jury. such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County. Texas. in writing. signed by him. and filed in the papers of this cause before the Defendant entered his plea herein. the defendant was duly arraigned and in open Court pleaded ___GUILTY___ to the charge contained in the indictment: thereupon the defendant was admonished by the Court of the consequences of the said plea and the defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear. or by any persuasion. or delusive hope of pardon prompting him to confess his guilt. the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The defendant in open Court. in writing. having waived the reading of the indictment. the appearance. confrontation and cross-examination of witnesses. and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits. written statements of witnesses and any other documentary evidence. and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause: and. the Court having heard the Defendant's waiver of the reading of the indictment. the defendant's plea thereto. the evidence submitted. and the argument of counsel. is of the opinion from the evidence submitted that the defendant is guilty as charged.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT. that the said Defendant is guilty of the offense of

Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public Highway.

and that the said Defendant committed said offense on the ___10th___ day of ___August___ 19 **78**, and that he be punished by ___a fine of $500.00___

and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended. for which execution will issue. and that said defendant be remanded to the Sheriff of Dallas County. Texas. to await the further order of the Court herein.

### SENTENCE

THE STATE OF TEXAS

VS.

___JAMES DANIEL HUMAN___ No. ___F78-8690-IQ___ ___March 20,___ 19 **79**

THIS DAY this cause being again called the State appeared by her Criminal District Attorney. and the Defendant. ___JAMES DANIEL HUMAN___ appeared in open Court in person. his counsel ___Jack Martin___ also being present for the purpose of having sentence of the law pronounced in accordance with the judgment herein rendered and entered against him at a former time. and thereupon the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him. and he answered nothing in bar thereof. and it appearing to the Court that the Defendant is mentally competent and understanding of the English language. the Court proceeded. in the presence of the said Defendant. to pronounce sentence against him. as follows:

IT IS THE ORDER OF THE COURT. That the said Defendant. who has been adjudged to be guilty of

Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public Highway,

and whose punishment has been assessed by the Court at ___a fine of $500.00___

be confined by the Sheriff of Dallas County. Texas. immediately. in the County Jail of Dallas County. Texas. for ___a fine of $500.00 and until $26.00 Court cost is paid___

in accordance with the provisions of the law of said State. and the said Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

It is further. ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date. and that the Defendant is granted credit for time served beginning on date of ___May 31, 1979___

"Exhibit A"

NO. F-80-11997-MN

JULY _____ Term, A.D. 19____

October 24, _____ A.D. 19 80

IE STATE OF TEXAS

AMES DANIEL HUMAN

## JUDGMENT

The defendant having been indicted in the above entitled and numbered cause for the felony offense of _____

_Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public highway as charged in the indictment._ _____ and this cause being this day called

trial, the State appeared by her assistant Criminal District Attorney **J. Michael Wilson** _____ and the defendant

**AMES DANIEL HUMAN** _____ appeared in person and his counsel **Robert Hinton** _____ also being

:sent and both parties announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by
). such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver
ing with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the
pers of this cause before the Defendant entered his plea herein, the defendant was duly arraigned and in open Court pleaded

**GUILTY** _____ to the charge contained in the indictment; thereupon the defendant was admonished by the Court of the consequences
the said plea and the defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally
npetent and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon
)mpting him to confess his guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant.
e defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation and cross-examination of
nesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of
nesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the
)ers of the cause: and, the Court having heard the Defendant's waiver of the reading of the indictment, the defendant's plea thereto, the
dence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the defendant is guilty as charged.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT, that the said Defendant is guilty of the offense of

_Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public highway as charged in the indictment_

d that the said Defendant committed said offense on the **27th** day of **August** 19 **80**, and that he be punished by

finement in the County Jail of Dallas County, Texas for **a fine of $750.00**
: that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue; and
t said defendant be remanded to the Sheriff of Dallas County, Texas, to await the further order of the Court herein.

## SENTENCE

E STATE OF TEXAS

AMES DANIEL HUMAN _____ No **F-80-11997-MN** **November 7,** 19 **80**

THIS DAY this cause being again called, the State appeared by her Criminal District Attorney, and the Defendant,
:AMES DANIEL HUMAN _____ appeared in open Court in person, his counsel **Robert Hinton** _____
· being present, for the purpose of having sentence of the law pronounced in accordance with the judgment herein rendered and entered
.inst him at a former time, and thereupon the said Defendant was asked by the Court whether he had anything to say why said sentence
·uld not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is mentally
npetent and understanding of the English language, the Court proceeded, in the presence of the said Defendant, to pronounce sentence
inst him, as follows:

IT IS THE ORDER OF THE COURT, That the said Defendant, who has been adjudged to be guilty of

_Driving a motor vehicle while intoxicated on a public highway and having been previously convicted of driving a motor vehicle while intoxicated on a public highway as charged in the indictment._

whose punishment has been assessed by the Court at confinement in the County Jail of Dallas County, Texas for
i **fine of $750.00**

confined by the Sheriff of Dallas County, Texas, immediately, in the County Jail of Dallas County, Texas, for
i **fine of $750.00 and costs of $41.00 are paid**

ccordance with the provisions of the law of said State, and the said Defendant is remanded to jail until said Sheriff can obey the direction of
sentence.

It is further ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant
ranted credit for time served beginning on date of **Nov. 7, 1980** _____.

²ine and costs paid 11/7/80 by rec. #N-5101

JUL 5 1985 "Exhibit B" /s/ R. T. Scales, Judge

CLINTON, Judge, dissenting.

Appellant was convicted of the felony offense of driving while intoxicated. Article 6701*l*-1(e), V.T.C.S. In order to prosecute the instant cause as a felony offense in the district court, the State alleged appellant had twice previously been convicted of the felony offense of driving while intoxicated. Apparently finding this allegation to be true, and finding that appellant again operated a motor vehicle upon a public road while intoxicated on April 16, 1984, the jury found him guilty and assessed his punishment at one year in the county jail and a fine of $2000.00.

On appeal the Waco Court of Appeals reversed the conviction in an unpublished opinion. *Human v. State*, No. 10–84–177–CR (Tex.App.—Waco, delivered November 7, 1985). The Waco Court found that the State's evidence failed to establish appellant was the same person as had been convicted in either of the prior offenses of driving while intoxicated that had been alleged in the indictment. Consequently, the cause was remanded to the district court "with an instruction to transfer, if necessary, the cause to a court of appropriate jurisdiction where [a]ppellant may be tried for the primary offense as a misdemeanor."

In reversing appellant's conviction in this cause the court of appeals relied in large measure upon this Court's panel opinion in *Daniel v. State*, 585 S.W.2d 688 (Tex.Cr. App.1979), and upon our en banc opinion in *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr. App.1976). In its petition for discretionary review, the State now contends that under a correct interpretation of *Bullard* the evidence in this cause should have been found sufficient to identify appellant as the person twice previously convicted of felony D.W.I. as alleged, that *Daniel* "appears to be in conflict with" *Bullard*, and that therefore *Daniel* should be overruled. We granted the State's petition for discretionary review under Tex.R.App.Pro. Rule 200(c)(3) in order to examine the State's contentions.

I.

After alleging the primary offense of driving while intoxicated on April 16, 1984, the indictment alleges in subsequent paragraphs that appellant had twice previously been convicted of driving while intoxicated, once "on the 20th day of March, 1979 in the 204[th] Judicial District Court of Dallas County, Texas, in Cause No. F–78–8690–IQ," and then again "on the 7th day of November, 1980 in the 195th Judicial District Court of Dallas County, Texas, in Cause No. F–80–11997–MN." At trial the State introduced certified copies of judgments and sentences against one "James Daniel Human," bearing respective cause numbers in the same courts as thus alleged.

In order to establish appellant was the "James Daniel Human" previously convicted as reflected in the judgments and sentences, the State relied upon expert comparison between fingerprints of appellant taken at the time of trial, and those appearing on jail records of the Dallas Police Department and Dallas County Sheriff's Office, containing, *inter alia*, cause numbers that are almost, though not entirely identical to those appearing on the judgments and sentences.

Through the custodian of records of the Dallas Police Department the State introduced State's exhibit no. 1, consisting of a master fingerprint card made upon the arrest of "James Daniel Human" on March 17, 1975, for criminal mischief, two photographs presumably taken at that time, and what the custodian identified as "a transcript of the record from the Dallas Police Department Criminal Docket Section." Appearing on the transcript are several charges brought against this individual, including one for "Inv. DWI" dated "08–27–80," for which the disposition shown reads:

"Fld. 195th

F80–11997–N

$750.00

10–24–80"

The judgment in cause number F–80–11997–MN[1] is in fact dated October 24, 1980. It indicates that sentence was assessed on that day at a fine of $750.00, and that the offense had been committed on August 27, 1980.

Next to testify was a Dallas County Deputy Sheriff who was an "expert fingerprint identification analyst" and a custodian of records. Through him the State introduced fingerprints of appellant taken only minutes before, as State's exhibit no. 2, and also, as State's exhibit no. 4, a "Dallas County Jail bookin card." This card contains the right index fingerprint and a general description of a "James Daniel Human," who it seems to show was arrested on "102878" for "DWI 2ND." It also lists an "indictment" number "F7808690,"[2] but reflects no particular disposition of that cause. The Deputy Sheriff testified that his comparison revealed that the fingerprints on both jail cards (State's exhibit nos. 1 and 4) were identical to those known to be appellant's (State's exhibit no. 2).

In order to find appellant was the same "Human" as the one the judgments and sentences reflect was convicted in cause numbers F–78–8690 IQ and F–80–11997–MN, the jury must first have found that the jail records of the police department and sheriff's office were those of appellant. The fingerprint identification clearly established this fact. However, the court of appeals considered the link established between the jail records and the judgments and sentences to be too tenuous to support a jury finding that appellant was also the "Human" whose convictions are reflected in the latter documents. Observed the court of appeals:

"Neither identical cause numbers nor identical names are sufficient to establish the identity of a defendant as the person convicted in a prior offense. *Daniel*, 585 S.W.2d at 691; *Bullard v. State*, [supra]. Establishing [a]ppellant's connection by his fingerprints with one exhibit does not automatically establish his connection with another exhibit merely because the two exhibits happen to reflect identical or similar details relating to a prior offense."

The State now asserts that, properly construed, *Bullard v. State*, supra, does not support the conclusion that the evidence is insufficient to tie appellant to the prior offenses—in fact, the very opposite. To an extent, I agree.

II.

In *Bullard v. State*, supra, two separate jail cards were admitted into evidence "containing official records and fingerprints of one Charles Edwin Bullard made upon conviction" for two Dallas County causes respectively alleged for enhancement under V.T.C.A. Penal Code, § 12.42(d), for which certified judgments and sentences were subsequently introduced. A fingerprint expert from the Dallas County Sheriff's Office testified that fingerprints from one of the jail cards matched those known to be the defendant's, but failed to reveal the result of his comparison of prints on the second jail card with those of the defendant. Accordingly, this Court held that while the evidence was sufficient to identify the defendant as the "Bullard" convicted in the first alleged prior conviction, absence of testimony that the prints on the second jail card were the defendant's rendered the evidence insufficient to connect

---

1. Out of the presence of the jury the police custodian testified the letter at the end of the cause number was for purposes of *identification* of the court, and that any variance in the letters could be attributed to a change of courts. He asserted that it was unlikely there would "be one case number like that with an N on it and the same case number with an MN"—in other words, as we understand him, the discrepancy in letters probably would *not* indicate different causes.

2. Again out of the presence of the jury, the difference between the cause number "F–78–8690 IQ" appearing on the judgment, and the indictment number "F7808690" on the jail card was explained by the absence of a dash in the computer system of the Dallas County Sheriff's Department.

(All emphasis supplied unless otherwise indicated.)

him to the second prior conviction.[3]

The basis of the Court's finding that the evidence as to the first prior conviction was sufficient is not clear from the face of the opinion, and no authority is cited. Presumably, though "identity of names was not sufficient[,]" *id.,* at 816, nonetheless, identity of name, offense, cause number, county and court *was.*[4]

In *Daniel v. State,* supra, records of a theft conviction from Caddo Parish, Louisiana, Cause No. 92,803, by which one "Neil Douglas Daniel" was placed on probation, were admitted in evidence to show the defendant's prior criminal record as authorized by Art. 37.07, § 3(a), V.A.C.C.P. A later jail card from the Dallas County Sheriff's Office in the same name was then admitted, containing fingerprints shown to be Daniel's. The offense noted on the jail card was "probation check" and the stated reason for release was "probation completed." A space for "remarks" reflected the entry: "attempted felony theft # 92803 Louisiana probationer." A panel of this Court rejected the State's contention that the identity of cause numbers on the jail card and the Louisiana judgment was sufficient to establish Daniel was the man convicted in Louisiana. Along the way it was observed that "[a] search of our cases reveals that fingerprints which have been

used to provide independent identification of a person convicted have invariably been *a part of the record of conviction,* obtained from the *same* governmental entity."[5] Id., at 691. Thus it was held, in effect, that a jail card out of Dallas County reflecting Daniel's conviction and probation for a similar offense, under the same cause number but from some undesignated Louisiana court and parish, was not sufficiently linked to the Louisiana records of conviction to show that Daniel was the man then and there convicted.

I can perceive no irreconcilable conflict between the holdings of *Bullard* and *Daniel,* and thus would decline the State's invitation to overrule the latter. In my view, the evidence in the instant case falls somewhere in between that found sufficient in *Bullard,* and that found irrelevant, and hence inadmissible, in *Daniel.* Therefore the Court should endeavor to draw the line more distinctly. Instead, a plurality of Judges today simply deems these cases "clearly inapplicable" to this cause, without elaboration. The plurality holds, somewhat paradoxically, both that the "circumstantial" evidence was sufficient here, and that the "variance" in the numbers did not work to the surprise and detriment of the accused. To straying so far from the express purpose of our grant of review in this cause, I dissent.

3. In so holding, the Court observed: "The identity of names was not sufficient." *Id.,* at 816. Ironically, independent review of the record in *Bullard* now reveals that both the jail card *and the judgment and sentence* corresponding to the second alleged prior conviction in that cause relate to one "Charles Ed*ward* Bullard."

4. In *Jones v. State,* 500 S.W.2d 661 (Tex.Cr.App. 1973), the State introduced judgment and sentence and a docket sheet for a prior conviction in proof of the criminal history of the defendant as authorized by Art. 37.07, § 3(a), V.A.C.C.P. Additionally, the State introduced a jail card which a deputy sheriff testified had been made upon the defendant's arrest on a motion to revoke probation in the same cause, containing fingerprints shown to be the defendant's. This Court held that the deputy sheriff's testimony, the identity of cause numbers, and notations appearing on the jail card showing the date of filing of a motion to revoke, and the date and amount of a later bond, which corresponded to

dates and amount reflected on the docket sheet in the prior conviction, were sufficient to link the jail card to the judgment and sentence, and thus to prove the defendant was the man earlier convicted. See also *Anderson v. State,* 504 S.W. 2d 507 (Tex.Cr.App.1974). But see *Rose v. State,* 507 S.W.2d 547 (Tex.Cr.App.1974), in which it was held that a jail card containing the defendant's fingerprints, dated some months prior to the date of a judgment in the defendant's name for theft, and reflecting that at the time of arrest he was "charged" with theft, was not shown to be "a part of the record of the prior conviction," and thus its admission into evidence "constituted reversible error." *Id.,* at 548. No mention is made in the Court's opinion as to whether the jail card contained a cause number corresponding to that of the judgment of conviction for theft.

5. Emphasis in the original.

## III.

Turning first to the jail card and transcript contained in State's exhibit no. 1, as in *Daniel,* supra at 691, we accept the truth of the matters asserted in this exhibit because it was admitted by the trial court as an exception to the prohibition against hearsay evidence.[6] Thus, State's exhibit no. 1 establishes that on "08–27–80" appellant was arrested for some manner of driving while intoxicated ("Inv.DWI"), was convicted for this offense under cause number "F80–11997 N" in the "195th" court on "10–24–80," and his punishment assessed at $750.00. The judgment in cause number F–80–11997–MN, out of the 195th Judicial District Court of Dallas County and dated October 24, 1980, shows a conviction for felony D.W.I., states that the offense was committed on August 27, 1980, and reflects that punishment was indeed assessed at a fine of $750.00. Though the cause numbers are slightly different, in my view the parallels are sufficiently definite to support a rational jury's finding that the jail card, containing fingerprints known to be appellant's, corresponds to the judgment and sentence admitted to prove up the alleged prior conviction in cause number F–80–11997–MN.[7] *Bullard v. State,* supra; *Jones v. State,* 500 S.W.2d 661 (Tex.Cr. App.1973). I agree that the court of appeals erred in finding they did not.

As for State's exhibit no. 4, however, I agree with the court of appeals that it failed to establish appellant was the same "Human" convicted in cause number F–78–8690–IQ, as alleged. The only correlation between the jail card in State's exhibit 4 and the judgment and sentence in cause number F–78–8690–IQ is an identity of name and offense, and a similarity between "indictment" number listed on the jail card and cause number of the judgment and sentence. Though the discrepancy between these numbers was partially explained, see note 2, *ante,* the jury was not privy to this explanation. Neither the date of the offense, the court in which it was prosecuted, nor the ultimate disposition of the case appears on the jail card. On this state of the evidence a rational jury could not have found that the jail card, shown to be appellant's, was sufficiently linked to the judgment and sentence as to prove beyond a reasonable doubt that appellant was the "Human" convicted. See *Daniel v. State,* supra; *Rose v. State,* 507 S.W.2d 547 (Tex.Cr.App.1974).

The plurality seems judicially to divine "that the cause numbers 'F7808690' and 'F–78–8690–IQ' are substantially the same." At p. 840. That is not self evident to me. Nevertheless, having thus rendered the "indictment" number on the jail card "substantially similar" to the cause number in the prior conviction, the plurality then tacitly concludes what no case from this Court has yet held, *viz.,* that identity (or near identity) of name and cause number is enough, without more, to link a jail card containing fingerprints of the accused to a prior judgment and sentence beyond a reasonable doubt. Even if I agreed that the numbers here were identical, I join the court of appeals in its assessment that identity of name and cause number is not alone sufficient.

Because the evidence was insufficient to establish the earlier of the two alleged prior convictions for driving while intoxicated, the court of appeals was correct to

---

6. See former Art. 3731a, § 1, V.A.C.S., now Tex. Cr.R.Evid.Rule 803(6) and (8).

7. Of course, strictly speaking, the Dallas Police Department and the Dallas County District Clerk's Office are not part and parcel of the "same governmental entity," *Daniel,* supra, at 691. However, it is certainly within common knowledge that the City of Dallas is located in Dallas County, and that a felony D.W.I. committed in the City of Dallas would likely be prosecuted in a district or criminal district court of Dallas County. We judicially know these facts. *Bell v. State,* 166 Tex.Cr.R. 340, 313 S.W.2d 606 (1958), and Arts. 4.01 and 13.18, V.A.C.C.P. Given the parallels in name, offense, cause number, court, relevant dates and disposition, I am satisfied that a rational jury could readily infer that the jail card, though a record of the Dallas Police Department, corresponded to the judgment and sentence which was a record of the Dallas County District Clerk's Office.

**852**

"acquit" appellant of "the primary offense as a felony" under Art. 6701*l*-1(e), supra. Cf. *Carter v. State*, 676 S.W.2d 353, 355 (Tex.Cr.App.1984) (Failure to prove up the defendant's "habitual offender status" pursuant to § 12.42(d), V.T.C.A. Penal Code, during appellant's first trial precluded State from retrying appellant as an habitual offender under the same primary offense.) Moreover, because the issue of prior convictions was submitted to the jury at the guilt/innocence phase of trial, appellant is entitled to a new trial on the issue of guilt and innocence as well as punishment on the primary offense, new Article 44.-29(b), V.A.C.C.P., notwithstanding. The judgment of the court of appeals should therefore be affirmed, remanding the cause to the district court, with instructions to transfer same to a court of competent jurisdiction. There appellant could be retried, and if convicted, resentenced, under the provisions of Art. 6701*l*-1(b) and (c) or (d), V.T.C.S. Cf. *Ex parte Bullard*, 679 S.W.2d 12 (Tex.Cr.App.1984) (Though it was ultimately determined, contrary to our first holding at 533 S.W.2d at 816, *viz;* "the State may again attempt to prove the prior conviction*s* for the purpose of enhancing punishment[,]" that Bullard could *not* be retried as an "habitual" under the provisions of V.T.C.A. Penal Code, § 12.42(d), he could nevertheless be retried as a "repeat" offender under § 12.42(a), supra, since the evidence had sufficiently proven one of the two alleged prior convictions.)

For the reasons stated, I respectfully dissent.

ONION, P.J., and DUNCAN, J., join.