Opinion issued April 10, 2003







 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00903-CR
____________
 
HIRAM CARRASQUILLO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 885468
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Hiram Carrasquillo, guilty of aggravated robbery. 
After finding true the allegation in an enhancement paragraph that appellant had a
prior felony conviction, the court assessed punishment at confinement for 40 years. 
In two points of error, appellant contends that the evidence was legally insufficient
to prove the identity of the complainant and the evidence was factually insufficient
to support his conviction. We affirm. 
Facts
          The complainant, Pedro Laureano Martinez, testified that on the morning of
August 14, 2001, he was walking home from his brother’s house when a black car
pulled up beside him and two Hispanic men got out of the car. One of the men,
appellant, had a knife, and the other man, Thomas Cruz,


 had a gun. They grabbed
the complainant by his hair and dragged him behind a wall. Appellant searched the
complainant while Cruz held the gun to the complainant’s head and threatened to kill
him. They took between $16 and $20 from the complainant and ran back to the black
car. As the car drove away, the complainant was able to read the license plate
number. The complainant testified that he ran to a nearby car wash, borrowed a
pencil from a woman, and wrote down the license plate number. The complainant
then went home and called the police.
          Houston Police Officer Raymond Berger testified that he followed up on the
license plate number, and he discovered that the car was registered to Dolores
Sanchez. Berger further testified that he went to Ms. Sanchez’s house, saw the black
car pull up to the house, and saw two Hispanic males get out of the car and go into
the house. Berger subsequently set up surveillance on the house and saw two men get
into the car and drive away. Berger followed the car, saw the driver fail to signal
when he made a turn, and radioed for a marked patrol car to pull the car over. Berger
testified that appellant was the driver of the car, and, after the car was pulled over and
Berger asked appellant for his driver’s license, appellant told Berger he did not have
a license. Berger testified that he saw a knife, in plain view, on the passenger side
floorboard of the car. Berger arrested appellant for driving without a license and
arrested the passenger, Roy Sanchez, for possession of the knife.
          Berger testified that, prior to arresting appellant, he showed the complainant
two photospreads, each containing photographs of six men, but not including a
photograph of appellant. Berger testified that the complainant did not identify any
of the men in the photographs as a robber. A third photospread, containing a
photograph of Cruz and five other men, was shown to the complainant, and the
complainant identified Cruz as the man who put the gun to his head.
          Houston Police Lieutenant Ron Headley testified that he videotaped a lineup,
consisting of appellant and other men with similar physical characteristics. 
Lieutenant Headley further testified that, when he showed the videotape to the
complainant at his place of employment, the complainant identified appellant
“without hesitation” as the man with the knife.
          Dolores Sanchez, the registered owner of the black car in question, testified
that she sold the car to appellant, who was a friend of her son, Roy Sanchez. 
Appellant made monthly payments to Ms. Sanchez, and she, having title to the car,
placed appellant under her insurance policy. Ms. Sanchez further testified that no one
in their family drove the car again after she sold the car to appellant.
          After the State rested, appellant called several family members as witnesses. 
Appellant’s mother, Virginia Carrasquillo, testified that, on the day of the robbery,
appellant’s brother took appellant’s car, and appellant’s sister drove appellant to
work. Appellant’s sister, Frances Carrasquillo, testified that she picked appellant up
from her mother’s house and took appellant to work at their aunt’s house. Frances
further testified that she brought appellant lunch around 12:15 p.m., and then picked
him up at 5:30 p.m. to take him home. One of appellant’s cousins, Carol Arce,
testified that she telephoned appellant several times during the day. A second cousin,
Raul Arce, testified that he was confined to his bedroom because of an injury, but that
he remembered eating lunch with appellant and hearing appellant work on the
bathroom floor at his mother’s house. Raul further testified that the Sanchez house,
his mother’s house, and the robbery location were all within close proximity of one
another. 
Fatal Variance
          In his first point of error, appellant contends that the evidence was legally
insufficient to prove the identity of the complainant and that there was a fatal variance
between the name of the complainant as alleged in the indictment and as proven in
trial.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. Id.
The indictment, in pertinent part, alleged that:
[T]he Defendant . . . did . . . unlawfully while in the course of
committing theft of property owned by PEDRO LAUREANO and with
intent to obtain and maintain control of the property, intentionally and
knowingly threaten and place PEDRO LAUREANO in fear of imminent
bodily injury and death, and the Defendant did then and there use and
exhibit a deadly weapon, to-wit: A KNIFE.

          However, when the complainant testified at trial, he introduced himself as
“Pedro Laureano Martinez.” During the complainant’s testimony, the State asked the
complainant, “Mr. Laureano, I believe that Mr. Stafford referred to you as Mr.
Martinez. Is ‘Martinez’ your last name, or is it ‘Laureano’?” The complainant
answered, “It’s Laureano Martinez.” Appellant moved for an instructed verdict
because the complainant “said his name was Pedro Martinez, and in the indictment
they have him named–a word I can’t say, Laureano.” The trial court denied the
motion.
          Appellant argues that the State proved a different offense than the one charged
and that the record shows that appellant robbed someone other than Pedro Laureano.
          A variance occurs when there is a discrepancy between the allegation in the
indictment and the proof presented at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001). A variance between an indictment and proof creates a legal
sufficiency issue. Id. Only a material variance, however, will render the evidence
insufficient and require reversal. Id. at 257. 
          When reviewing the “materiality” of the variance, we must determine whether
the variance deprived the defendant of notice of the charges and acted as a surprise,
or whether the variance subjects the defendant to the risk of later being prosecuted
for the same offense. Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). 
The burden of demonstrating such surprise or prejudice rests with the defendant. 
Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988).
          Here, the record unequivocally shows that appellant was not misled about the
true identity of the complainant. There is no indication in the record that appellant
did not know whom he was accused of robbing, or that he was surprised by the proof
at trial. Appellant’s trial counsel addressed the complainant as “Mr. Martinez,” even
though the indictment alleged “Laureano” as the complaint’s last name, and he
referred to the complainant’s testimony from Cruz’s previous trial. Appellant makes
no claim that he was prejudiced or surprised in any way by the variance in the names. 
Moreover, the variance does not subject appellant to another prosecution for the same
offense. See Gollihar, 46 S.W.3d at 257.
          Because the record affirmatively shows that appellant was not surprised or
prejudiced by the variance, we hold the variance was not material, and the evidence
was legally sufficient to prove the identity of the complainant. 
          We overrule appellant’s first point of error. 
Factual Sufficiency
          In his second point of error, appellant contends that the evidence is factually
insufficient to sustain his conviction because the verdict was contrary to the weight
of the evidence. 
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
          Appellant points out that there was no physical evidence, such as fingerprints
or bodily fluids, linking him to the robbery crime scene or the complainant. 
Appellant also contends that there was no evidence showing that he possessed the
knife in question when the police pulled his car over. Appellant further argues that
the evidence shows that appellant’s “demeanor indicated equanimity,” or calmness,
which implies a “lack of guilty knowledge.” 
          Appellant also challenges the complainant’s identification of him as one of the
robbers, because the complainant “identified someone other than [a]ppellant as the
robber who held the knife.” He argues that the complainant’s identification at trial
was inadequate because appellant was the “only defendant sitting at counsel table.”
Additionally, appellant contends that the evidence showed that the complainant was
mistaken or confused “as to which, or how many persons he was able to identify.” 
Finally, appellant relies on the testimony of the witnesses he called to establish his
alibi on the day of the robbery.
          The complainant testified that he saw the faces of the robbers, and the record
reflects that he identified appellant in a video lineup and again in open court as the
robber with the knife. Although the record shows that the complainant became
confused when he testified about the identification process, Officer Berger testified
that the complainant did not identify anyone when he was shown the first two
photospreads, and he only identified Cruz as the robber with the gun in the third
photospread. To the extent that there was any contradictory evidence, we note that
the jury, as the trier of fact, is the sole judge of the credibility of witnesses and the
weight to be given to the testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986).
          The record further reflects that the knife, identified by the complainant as the
knife used in the robbery, was found by Officer Berger on the passenger side
floorboard of appellant’s car. The car’s license plate number was identical to the
number the complainant wrote down immediately after the robbery, and the car’s
color, black, was the same color of the robber’s car reported to the police. 
Appellant’s cousin, Raul Arce, testified that the house where appellant was working
was in close proximity to the location of the robbery. We note that proof of the
accused’s identity and guilt through circumstantial evidence is not subject to a more
rigorous standard than is proof by direct evidence, as both are equally probative. 
McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). 
          Here, the proof of guilt is not so obviously weak as to undermine confidence
in the jury’s determination, nor was it greatly outweighed by contrary proof. Thus,
we hold the evidence was factually sufficient to support appellant’s conviction.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).