Delbert Lorrain PLESSINGER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 51938.

Court of Criminal Appeals of Texas.

May 12, 1976.

---

1. A copy of this opinion shall be delivered to the Texas Department of Corrections.

Bob Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for burglary with intent to commit theft under the former Penal Code. Following a verdict of guilty, the court assessed punishment at life under the provisions of Article 63, Vernon's Ann.P.C., 1925.

In two grounds of error appellant complains that the evidence is insufficient to show that the first prior conviction alleged for enhancement, an Arizona conviction, was styled "the State of Texas vs. Delbert Lorrain Plessinger, Jr.," as alleged in the indictment.

The indictment alleged in part that:

"The said Delbert Lorrain Plessinger, Jr. on the 18th day of July, A.D.1967, was duly and legally convicted of the offense of Burglary, Count 1 a felony, in the Superior Court, of Maricopa County, Arizona, in Cause No. 51926 on the docket of said court, styled The State of Texas vs. Delbert Lorrain Plessinger, Jr., and which said court had jurisdiction of said offense.
. . . ."

It is obvious from the record that a printed form of indictment was used, which form had the style of each case alleged as a prior conviction printed "The State of Texas vs. _____."

At the penalty hearing of the trial the State offered record evidence of the Arizona conviction which showed that the case resulting in conviction was styled "The State of Arizona vs. Delbert Lorrain Plessinger, Jr." rather than "The State of Texas vs. Delbert Lorrain Plessinger, Jr." When the evidence of the conviction was offered, there was no objection on the ground now urged for the first time on appeal. There is no question of the identity of the appellant as the person previously convicted in Arizona.

■ While the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice. See *Burton v. State*, 493 S.W.2d 837 (Tex.Civ.App.1973); *Loud v. State*, 499 S.W.2d 295 (Tex.Cr.App. 1973).

■ The object of the doctrine of variance between allegations of an indictment is to avoid surprise, *Worsham v. State*, 56 Tex.Cr.R. 253, 120 S.W. 439 (1909), and for such variance to be material it must be such as to mislead the party to his prejudice. *Castro v. State*, 124 Tex.Cr.R. 13, 60 S.W.2d 211 (1933); *Thurmon v. State*, 145 Tex.Cr.R. 279, 167 S.W.2d 528 (1942).

In *Baity v. State*, 455 S.W.2d 305 (Tex.Cr. App.1970), it is written:

"Appellant further complains the indictment alleged the date of the second prior conviction as February 1, 1961, and proof showed the year '19561.' The body of the judgment and all other evidence supports the allegation. Appellant apparently relies on the typing inserted in the printed form of the sentence reflecting the date thereof as 'February 1, 19561.' It is obvious that the typist did not clearly strike out the printed '5' when typing '61.' No variance is presented. See *Matula v. State*, Tex.Cr.App., 390 S.W.2d 263; 1 Branch's Anno.P.C., 2nd ed., Sec. 697.1."

In *McGill v. United States*, 10 F.2d 972 (5th Cir. 1926), it was held that a variance between allegation of a prior offense and proof thereof was not a fatal variance. There, the indictment charged a prior offense on a particular day, Cause No. 4468, and the proof showed the Cause No. was 4462. This was the only variance. The court wrote:

"The evidence to sustain the former conviction of the offense committed on July 27, 1923, was received without objec-

tion. It does not appear that the point was raised by demurrer, by motion in arrest of judgment, nor in any other way that might have been effective. The variation is slight and immaterial. There is no question as to the previous conviction for an offense committed on the date named, and the evidence in this record is sufficient to fully identify the offense so that a plea of autrefois convict could be sustained. . . ."

*United States v. Duran*, 411 F.2d 275 (5th Cir. 1969), involved a prosecution for transporting falsely made and forged money orders in interstate commerce with unlawful and fraudulent intent. The indictment alleged the date of one money order was December 6, 1967, when proof showed the date was actually December 16, 1967. The court held that there was no fatal variance as the indictment informed him of the charges against him with sufficient specificity to allow him to prepare his defense and to protect him from future prosecutions for the same offense.

Appellant relies upon *Corley v. State*, 158 Tex.Cr.R. 207, 254 S.W.2d 394 (1953), where the indictment alleged the prior conviction occurred in the Criminal District Court of Dallas County when the proof showed the convicting court was Criminal District Court No. 2 of Dallas County. The case was reversed on the basis of a fatal variance despite the fact that this was the only variance. To the extent that *Corley* and other cases are in conflict with our holding today, they are overruled.

The judgment is affirmed.