**Eugene BLACKMON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–88–835–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 1989.

Discretionary Review Refused (Appellant)
April 18, 1990.
Discretionary Review Refused (State)
April 18, 1990.

E. Stanley Topek, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

JUNELL, Justice.

Burglary of a building with intent to commit theft was the offense for which a jury convicted appellant and assessed punishment (enhanced by two prior felony convictions) at confinement in the Texas Department of Corrections for forty years.

Appellant brings three points of error: (1) the trial court erred in allowing the use of an "alias" at trial; (2) insufficient evidence to allow the use of one of the enhancement paragraphs of the indictment; and (3) failure to quash the second enhancement paragraph for lack of showing the court's sentencing in the prior conviction was after proper waiver of jury trial. We affirm.

Police responded to a "burglary in progress" call from a business location and observed appellant and two other men standing at the rear of a car with the trunk open. When the three men saw the police car approaching they got in their car and drove away. Police turned on flashing lights and siren as they followed the fleeing vehicle. Two of the men jumped out of their car while it was in motion. Officers arrested one of these two men and later apprehended appellant, the driver, after a freeway chase of approximately two miles. Appellant and the other arrested man then were brought back to the scene in less than thirty minutes. The two arrestees were never out of sight of the arresting officers. The woman who made the 9–1–1 call identified the two as the persons she had seen breaking into the business establishment across the street from her apartment. Property recovered was a large window air conditioning unit and an "addressogram." The woman also identified this property as that which she had observed appellant put into the trunk of his car after he removed it from the business premises. The owner of the business testified he had not consented to appellant's entry. It was undis-

puted that appellant was the driver of the car. However, there was mixed evidence as to whether any driver of the car actually entered the building. The 67 year-old woman who made the 9–1–1 call was the only eyewitness to testify. Police officers testified that at the time of the offense she told them that all three suspects went inside the building. The written offense report also showed this statement was made to police at the scene. When the woman testified at trial, almost two years after the offense, she was certain the person who drove to the scene did not get out of the car, and she could not say that the drivers were or were not changed at the time of the flight from the police. However, she was certain that appellant had entered the premises and carried property to the trunk of the waiting car.

■ An indictment was issued in the name of "Ernest Blackman." At the first pretrial hearing the appellant told the judge his name was "Eugene Blackmon." The judge ordered the clerk to change the first name to "Eugene." The case came to trial more than one year later, at which time a different trial judge reiterated the revised first name and ordered the clerk to correct the last name to "Blackmon." The State then asked leave to use "Ernest Blackman" as an alias and the new judge gave permission to file amendments which would do this. Amendments were never filed. At arraignment, the State used the alias "also known as Ernest Blackman" over the objection of the defense. The alias is also shown in both jury charges.

■ In his first point, appellant asserts that it was error to allow the use of an alias. We agree. Where the evidence shows an accused has been known by another name and such information is relevant to the case, the alias would be properly included in an arraignment and in the jury charge. See, e.g., Toler v. State, 546 S.W.2d 290, 292–93 (Tex.Crim.App.1977); Adwon v. State, 708 S.W.2d 564 (Tex.App. —Houston [1st Dist.] 1986). In the case before us, there was no showing that appellant ever went by the names "Ernest" or

"Blackman." There was also no testimony that appellant told the arresting officer his name was anything other than "Eugene Blackmon." It was error to allow a non-existent alias to be in the records of the court and brought to the attention of the jury. There seems to be no relevance to the case for any alias to be brought forth other than to serve needs of the State to create prejudice. We cannot condone the action of the trial court in allowing an alias to come in without need or justification. However, considering the totality of the evidence, beyond a reasonable doubt the error made no contribution to the conviction of appellant or the punishment assessed to him by the jury. There was sufficient corroborated testimony that appellant was among the persons who committed the burglary. This is so despite the confusion concerning the driver. Testimony clearly shows there were three men involved in the offense and that all three were standing at the rear of the getaway car when police arrived at the scene. The eyewitness left her window to come outside, so she did not see all that took place. It is a rational conclusion that appellant became the getaway driver after the woman saw him break and enter the building and carry out property belonging to the complainant. As to any possible effect of the error on punishment, the jury's assessment at confinement for forty years was well within the lower end of the allowable range of from twenty-five years to ninety-nine years or life. Point of error number one is overruled.

■ In the second point of error appellant contends the indictment shows a prior conviction on September 9, 1974, whereas judgment of conviction was August 8, 1974, with *sentencing* on September 9, 1974. This discrepancy is undisputed. No harm is shown, however. A variance is material and fatal only if it would mislead the defendant to his prejudice. *Hall v. State*, 619 S.W.2d 156 (Tex.Crim.App.—[Panel Op.] 1980). Appellant also complains about a lack of showing that this prior conviction was final, as required by Texas Penal Code § 12.42(d). A certified penitentiary packet was introduced by the State at the punishment phase of trial. The packet contains an order from the Texas Court of Criminal Appeals affirming appellant's 1974 conviction in Cause No. 212,756. This October 6, 1978, affirmation by the higher court is evidence that the 1974 conviction was in fact a final conviction, and we find it was final before appellant's commission of another offense on April 20, 1983; Cause No. 378,857. The record adequately meets requirements of TEX.PENAL CODE ANN. § 12.42(d). Point of error number two is overruled.

■ In his third point of error appellant asserts insufficient evidence to show he knowingly and voluntarily waived his rights to trial by jury in the trial referenced in the second enhancement paragraph of the indictment, citing *Boyd v. State*, 660 S.W.2d 820 (Tex.Crim.App.1983), and TEX.CODE CRIM.PROC.ANN. art. 1.13. This matter of jury trial waiver was raised in a pre-trial motion but error was not preserved on the issue of the waiver being a known and voluntary act. However, in the interests of judicial fairness we will review by observing that at the pre-trial hearing on his motion the appellant introduced the case file on the prior conviction in question. That evidence includes a printed form entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which clearly waives in open court the right to a jury trial. This waiver includes terms of a plea bargain and is signed by appellant and sworn before a Harris County deputy district clerk. The form also shows the signatures of appellant's attorney, the assistant district attorney, and the presiding trial judge. The trial judge ascertained before signing that the waiver was entered into by appellant knowingly, voluntarily, and after discussion with counsel. Appellant testified that he did in fact sign the form and that he read the statement as to waiver of jury trial before signing. Point of error number three is overruled.

The judgment of the trial court is affirmed.