NO. 12-99-00386-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICKY LADELL WYRICK, § APPEAL FROM THE 145TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEE § NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Ricky Ladell Wyrick ("Appellant") appeals his conviction and sentence for robbery. 
Appellant pleaded not guilty before a jury who found him guilty as charged, found the enhancement
paragraph to be true, and assessed punishment at forty-five years of imprisonment. Appellant filed
a timely notice of appeal and raises one issue on appeal. We affirm.

 

Background


 The enhancement paragraph of the indictment alleged that ". . . prior to the commission of
the aforesaid offense, on the 16th day of May, 1996, in cause number 5925-94-7 in the 145th Judicial
District Court of Nacogdoches County, Texas, the defendant was convicted of the felony offense of
Possession of a Controlled Substance, to-wit: Cocaine in an Amount of Less than 28 grams . . ." 
However, the punishment evidence reflected that the conviction for the offense alleged in the
enhancement paragraph was entered May 16, 1995, not May 16, 1996. Because the jury found the
enhancement paragraph to be true, the punishment range was enhanced from that of a second degree
felony to the punishment range for a first degree felony, to-wit, five to ninety-nine years. The jury
assessed punishment at forty-five years.

 Appellant contends in his sole issue (1) that the evidence is insufficient to support the jury's
findings on the enhancement paragraph of the indictment in that the date of the conviction was 1995,
not 1996, as alleged in the enhancement paragraph of the indictment.

 In Plessinger v. State, 536 S.W.2d 380, 381 (Tex. Crim. App. 1976), the Court of Criminal
Appeals held that the issue regarding a variance in an enhancement paragraph and the proof is
whether Appellant has shown he was surprised or misled to his prejudice by the variance. Id. The
Court stated that "[t]he object of the doctrine of variance between allegations of an indictment is to
avoid surprise [citations omitted], and for such variance to be material it must be such as to mislead
the party to his prejudice. [citations omitted]." Id. The Plessinger court cited Bailey v. State, 455
S.W.2d 305 (Tex. Crim. App. 1970), where the date was alleged to be 1961, and the evidence was
the date was "19561". See also Hall v. State, 619 S.W.2d 156, 158 (Tex. Crim. App. 1980). 
Numerous cases have specifically held variance between the date alleged in the enhancement
paragraph, and the date proven is not fatal unless the Appellant establishes that he was misled to his
prejudice, to-wit: harmed. Thompson v. State, 563 S.W.2d 247, 251 (Tex. Crim. App. 1978)
Blackmon v. State, 783 S.W.2d 11, 13 (Tex. App.-Houston [14th Dist.] 1989, pet. ref'd); Brazier
v. State, 748 S.W.2d 505 (Tex. App.-Houston [1st Dist.] 1988, pet. ref'd).

 Appellant has neither alleged, nor shown any harm by the variance. Therefore, Appellant's
issue is overruled. Having found no reversible error, we affirm Appellant's conviction.


Opinion delivered August 31, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






(DO NOT PUBLISH)
1. Appellant's trial attorney initially filed an "Anders" brief, contending that there were no meritorious issues
for appeal. Anders v. California, 368 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Pursuant to Anders, trial
counsel detailed the entire proceeding. Trial counsel also advised Appellant of his option to file a pro se brief. In
lieu of a pro se brief, another attorney filed a subsequent brief for Appellant complaining of one issue.