TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00073-CR







Walter Painter, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT

NO. 5197, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING



 

 A jury convicted Walter Painter of felony driving while intoxicated and sentenced
him to ninety-nine years in prison. See Tex. Pen. Code Ann. §§ 12.42(d), 49.04(a), .09(b) (West
Supp. 2002). In three points of error, appellant contends that: variances between the indictment and
proof rendered the evidence legally insufficient to support the jury's verdict; the trial court
improperly admitted an investigator's testimony identifying appellant's fingerprints from prior
judgments; and the trial court erred in failing to instruct the jury on reasonable doubt in the
punishment phase of the trial. We overrule appellant's points of error and affirm the judgment of
conviction.


BACKGROUND

 The State alleged in the indictment that on or about August 22, 2000, appellant was
driving while intoxicated in San Saba County, and that he had been previously convicted of DWI
on April 21, 1995 in Mills County (the "first conviction") and on February 14, 1995 in cause number
G747 in Hamilton County (the "second conviction"). The State subsequently moved to amend the
indictment to correct the date of the first conviction from April 21 to May 15, 1995, and the date of
the second conviction from February 14 to February 16, 1995. The State also sought to correct the
cause number of the second conviction from G747 to 6747. On October 5, 2001, over appellant's
objection, the district court granted the State's motion and signed an order purportedly amending the
indictment. On October 15, before trial began, defense counsel again objected to proceeding on the
amended indictment. Because the original indictment was not altered or superseded by the time of
trial, rather than delay the trial by ten days to permit appellant to respond to the indictment
amendment in accordance with the Code of Criminal Procedure, the State elected to proceed to trial
on the original indictment. See Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989). (1)

 At trial, the State, through the testimony of the chief criminal investigator for the
district attorney's office, introduced evidence that appellant had two prior convictions for driving
while intoxicated--one on May 15, 1995 in Mills County and one on February 16, 1995 in Hamilton
County in cause number 6747. After both sides rested, the district court submitted a jury charge
tracking the original indictment referencing the incorrect conviction dates and an incorrect cause
number. The jury found appellant guilty of felony driving while intoxicated. At the punishment
phase, after finding that appellant had been previously convicted of two other felony offenses, the
jury assessed the maximum punishment--ninety-nine years' imprisonment. Appellant's appeal
focuses on the variance between the allegations of the indictment and the proof at trial, the denial
of a requested jury instruction at the punishment phase, and the admission of the chief investigator's
testimony.


DISCUSSION

 In his first point of error, appellant argues that the evidence was legally insufficient
to show that he had prior convictions because the convictions included in the enhancement
paragraphs of the indictment contained incorrect dates and an incorrect cause number. The State
responds that any discrepancies between the dates in the indictment and the proof at trial were not
material or harmful.

 Citing Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001), appellant argues
that, if the State makes allegations in the charging instrument, it is bound to prove them. But in
Gollihar, the court of criminal appeals held that, in the case of an alleged variance between the
evidence presented at trial and the allegations of the charging instrument, the applicable test is one
of materiality:


A variance between the wording of an indictment and the evidence presented at trial
is fatal only if "it is material and prejudices [the defendant's] substantial rights." 
When reviewing such a variance, we must determine whether the indictment, as
written, informed the defendant of the charge against him sufficiently to allow him
to prepare an adequate defense at trial, and whether prosecution under the deficiently
drafted indictment would subject the defendant to the risk of being prosecuted later
for the same crime.



Id. at 257.


 A variance must be both material and prejudicial to the defendant before it is fatal. 
Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 2001) (op. on reh'g). For a variance to be
material it must mislead the party to his prejudice. Plessinger v. State, 536 S.W.2d 380, 381 (Tex.
Crim. App. 1976) (admonishing "while the carelessness here involved is not to be condoned, we are
unable to say that appellant has shown surprise or that he was misled to his prejudice"). A variance
between the allegations of the indictment and the proof at trial will not render evidence insufficient
so long as the variance does not surprise or prejudice the defendant. Rojas v. State, 986 S.W.2d 241,
246 (Tex. Crim. App. 1998); Human, 749 S.W.2d at 836; see also Tex. R. App. P. 44.2(b). The
defendant has the burden of showing surprise or prejudice. Santana v. State, 59 S.W.3d 187, 194
(Tex. Crim. App. 2001). This case is easily resolved under Plessinger and Human. See generally
Human, 749 S.W.2d 832; Plessinger, 536 S.W.2d 380. See also Santana, 59 S.W.3d 187; Stevens
v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995) ("[O]nly a material variance is fatal.").

 While the indictment could have been more precise, we cannot say, and appellant
does not contend, that he was misled or prejudiced by the discrepancies between the indictment and
the State's proof. State's exhibit 7 shows the date of judgment of the first conviction as May 15,
1995, rather than April 21, 1995, as recited in the indictment. However, both dates--April 21 and
May 15, 1995--appear on the face of the judgment. State's exhibit 6 reflects a judgment date for
the second conviction of February 16, 1995 and a cause number of 6747, rather than a conviction
date of February 14 and a cause number of G747, as recited in the indictment. The slight
discrepancy between G747 in the indictment and 6747 on the judgment is controlled by the Human
court's decision regarding a similar discrepancy. In that case, the court found that "F7808690" and
"F-78-8690-IQ" were substantially the same cause numbers. Human, 749 S.W.2d at 837-38. 
Commenting on the history of the variance rule, the court stated: "The rigid rule that a mere or slight
variance between what was alleged and what was proved was sufficient to render the evidence
insufficient no longer applies." Id. at 837.

 Here, the court informed the jury that they were entitled to inspect the State's exhibits
evidencing appellant's prior convictions. Although the indictment recites the sentencing date, rather
than the judgment date, on the first and second convictions and an incorrect cause number for the
second conviction, the State introduced certified copies of appellant's conviction judgments that
accurately reflected his prior convictions. Appellant does not argue that the State failed to notify him
of the judgments and proof it intended to offer at trial. Nor does he argue that he was misled to his
prejudice in preparing his defense. Because appellant failed to demonstrate that these slight
discrepancies between the indictment and proof at trial surprised him or prejudiced his rights, we
conclude the variances were not material; thus, they were not fatal to appellant's conviction. We
overrule appellant's first point of error.

 In point of error two, appellant contends that "the [district] court erred in overruling
[his] request for a reasonable doubt instruction in the punishment charge." Appellant submitted the
following requested jury charge instruction:


It would be right and proper that the charge of the Court instruct[] the jury that
Defendant's guilt, all prior convictions, if any, and extraneous offense or acts of
misconduct be proven beyond a reasonable doubt and if the extraneous offenses or
acts of misconduct are found to have occurred, then the jury be instructed of the
limited use of the extraneous offenses provided by law.

Prior to the court's submission of the jury charge at the punishment phase, appellant proffered his
requested jury charge instruction along with a definition of reasonable doubt. The district court
overruled appellant's request to include a limiting instruction on the use of the State's extraneous
offense evidence and a definition of reasonable doubt. The submitted charge did, however, instruct
the jury that, in order to use extraneous offense evidence, the jury must believe that the State
established the existence of the extraneous offenses beyond a reasonable doubt. On appeal, appellant
asserts that, because "the [jury] charge is silent as to the reasonable doubt language to which the
Defendant objected[,] it amounts to the Court determining whether or not the Defendant actually
committed the extraneous acts alleged rather than the jury." We interpret appellant's contention as
challenging the omission of a "reasonable doubt" definition for purposes of aiding the jury in
determining whether the State met its burden of proof with respect to the previous convictions used
to enhance punishment pursuant to section 12.42(d). (2) See Green v. State, 72 S.W.3d 420, 426 (Tex.
App.--Texarkana 2002, no pet.) ("This charge clearly instructed the jury on the reasonable doubt
standard of proof required for the extraneous offense evidence. [Appellant] either misreads the jury
charge or misstates his objection.").

 A jury charge must include a reasonable doubt instruction at the punishment phase
of trial when the defendant so requests. See Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App.
1996). The court of criminal appeals has held, however, that courts should not read either the Code
of Criminal Procedure or case law to require the court to give a reasonable doubt definition at the
punishment phase. Huizar v. State, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000) (citing Tex. Code
Crim. Proc. Ann. art 37.07; Fields v. State, 1 S.W.3d 687, 688, 163 (Tex. Crim. App. 1999)). In
Paulson v. State, the court of criminal appeals overruled the requirement for trial courts to instruct
juries on the definition of "beyond a reasonable doubt." 28 S.W.3d 570, 573 (Tex. 2000) (finding
"that the better practice is to give no definition of reasonable doubt at all to the jury"). In the instant
case, the trial judge instructed the jury regarding the State's burden of proving the enhancement
allegations beyond a reasonable doubt. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). 
Because the charge properly set forth the State's burden of proof, the trial judge did not err in
submitting a charge that failed to include appellant's requested definition. See Boyd v. State, 811
S.W.2d 105, 123 (Tex. Crim. App. 1991); Santana v. State, 714 S.W.2d 1, 11-12 (Tex. Crim. App.
1986). Accordingly, we overrule appellant's second point of error.

 In his third point of error, appellant argues that the district court erred in overruling
his objection to the admission of certain testimony at the guilt/innocence phase of the trial. 
Specifically, appellant asserts that the testimony of Henry Nolen, the chief criminal investigator for
the district attorney's office, failed to satisfy the requirements for the admission of expert testimony
under Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992). Appellant also contends that, because
of his close working relationship with the prosecuting attorney, Nolan's testimony is "void for being
excessive with prejudice." Because appellant did not object to Nolan's expert qualifications at trial,
he waived that issue on appeal. See Tex. R. App. P. 33.1. As to his "excessive prejudice" argument,
appellant cites no authority for the proposition that the State is precluded from calling an expert
witness who works for the same state agency as the prosecutor, i.e., the office of the district attorney. 
See Tex. R. App. P. 38.1(h) ("The brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record."). Because these
contentions present nothing for our review, we overrule appellant's third point of error. 


CONCLUSION

 Having overruled appellant's three points of error, we affirm the district court's
judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: July 26, 2002

Do Not Publish
1.    Article 28.10(a) provides:


 After notice to the defendant, a matter of form or substance in an indictment or
information may be amended at any time before the date the trial on the merits
commences. On the request of the defendant, the court shall allow the defendant
not less than 10 days, or a shorter period if requested by the defendant, to respond
to the amended indictment or information.


Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989).
2.    Even if we assume appellant is challenging the Court's failure to give a limiting
instruction in the jury charge under Rule 105(a) of the Texas Rules of Evidence, we would still
overrule his contention. Article 37.07 prohibits the jury from considering extraneous offense
evidence in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that the
prior acts are attributable to the defendant. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App.
1999). Once this requirement is met, however, the fact-finder may use the evidence any way it
chooses in assessing punishment. Id. Thus, once satisfied that appellant had committed the prior
offenses, the jury was not limited in its consideration and use of such offenses to increase appellant's
punishment. Further, because appellant cites no authority to support the proposition that rule 105(a)
applies during the punishment phase of a trial, he presents nothing for our review. See Tex. R. App.
P. 38.1.