COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHNNY MARTINEZ, | § | |
| | | No. 08-11-00311-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 16th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Denton County, Texas |
| Appellee. | § | |
| | | (TC# F-2010-0137-A) |
| | § | |

## O P I N I O N

Johnny Martinez appeals his conviction of one count of sexual assault of a child, for which he was sentenced to ninety-nine (99) years' confinement. In three issues, Appellant argues: (1) the trial court erred in allowing the State to revise the enhancement paragraphs; (2) the evidence was legally insufficient to prove that Appellant committed the offense in Denton County, Texas; and (3) the jury charge permitted a less-than unanimous verdict, resulting in egregious harm. For the reasons that follow, we affirm.[1]

## PROCEDURAL BACKGROUND

Appellant was indicted on one count of sexual assault of a child in violation of TEX.PENAL CODE ANN. § 22.011. The indictment included two enhancement paragraphs, each pertaining to a conviction for a felony offense of burglary of a habitation. Appellant entered a plea of not guilty. A jury found Appellant guilty of the offense charged. During the punishment phase, Appellant pled true to both enhancement paragraphs. The jury assessed punishment of ninety-nine years' confinement in the Institutional Division of the Texas

---

[1] This case was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2005). We have applied precedent of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

Department of Criminal Justice. Judgment was entered on August 24, 2011, and Appellant timely appealed.

## FACTUAL BACKGROUND

Appellant first became friends with J.C. when she was twelve years old. Because J.C.'s father was an abusive alcoholic, she ultimately moved in with Appellant and his family. Soon afterward, Appellant made sexual contact with her by caressing her breasts and placing his fingertips inside the top of her pants. They first had sexual intercourse when she was thirteen. During that time period, they had intercourse daily and sometimes multiple times each day. At this point, the family lived on Sunridge Drive in Dallas County. In 2004, they moved into a home on Steenson Drive in Denton County, but J.C. moved back into her father's apartment in Carrollton. Carrollton is spread across Denton, Dallas and Collin Counties. In 2005, Appellant moved to a home on Palisades Drive in Denton County.

On July 29, 2006, J.C. gave birth to a son, Ja.C., that she had carried full term. Ja.C. was conceived when J.C. was sixteen and born when she was seventeen. J.C. initially testified that she conceived during intercourse at the Steenson house, but later stated that she believed the child was conceived at the Palisades home. J.C. testified that she and Appellant were having sex once or twice a week at the Steenson house, various hotels, and her father's home. When she discovered she was pregnant, she moved into the Palisades house with Appellant and his family.

In August 2009, J.C. reported her underage sexual activity to Michelle Grigg, a child abuse investigator with the Carrollton Police Department. J.C. told Grigg that she believed her son was conceived on Halloween night when Appellant's younger children were out trick-or-treating. Grigg obtained DNA samples from J.C., her son, and following his arrest, Appellant. Paternity

2

testing established that Appellant is the child's father. Grigg testified that J.C. recorded a conversation she had with Appellant in which he stated his belief that the first time he had sex with J.C. was in 2004, although it might have been in 2003. J.C. told Grigg that she and Appellant had sex at a variety of locations in both Dallas and Denton Counties around the time of conception. Following his arrest, Appellant telephoned J.C. from the jail requesting that she tell the police that she did not want to press charges. Appellant also kept insisting to J.C. that he never had sex with her in Denton County before she turned seventeen. In one recorded jail call, Appellant is heard asking J.C. to write Appellant's attorney and say that she and Appellant did not begin having sexual relations in Denton County until J.C. was seventeen.

At trial, Appellant admitted that he had sex with J.C. when he was forty-three years old and she was sixteen, but he insisted that sexual relations occurred only in Dallas County. He denied having intercourse with J.C. before she was sixteen. Around the time of Halloween 2005, their sexual liaisons were always at J.C.'s father's apartment or at a hotel in Dallas County, but never at the Palisades home.

The State included two enhancement paragraphs in the indictment. The initial paragraphs read:

> And it is further presented in and to said Court that before the commission of the offense alleged above, on the 14th day of January, 1986, in cause number 34603, in Bell County, Texas, the defendant was convicted of the felony offense of Burglary of a Habitation in the 27th District Court;
>
> And it is further presented in and to said Court that before the commission of the offense alleged in the first paragraph above and after the conviction in cause number 34603 was final, the defendant committed the felony offense of Burglary of a Habitation and was convicted on the 8th day of July, 1994, in Bell County, Texas, in cause number 43832, in the 146th Judicial District Court . . . .

The State delivered a Notice of State's Intention to Enhance Punishment Range to defense

counsel on August 17, 2011, which was five days prior to the commencement of the voir dire, six days before the trial on the merits began, and seven days before the punishment hearing. The notice amended the first enhancement paragraph to reflect a conviction date of May 30, 1986, and amended the conviction date in the second enhancement paragraph to May 23, 1994. Counsel objected to the enhancement paragraphs both before the trial and during the punishment phase, but his objections were overruled.

Neither side objected to the jury charge which read in part:

> The defendant, JOHNNY MARTINEZ, stands charged by indictment with the offense of Sexual Assault, alleged to have been committed on or about the 31st day of October, 2005, in Denton County, Texas. The defendant has pleaded not guilty.

.     .     .

> You are further charged as the law in this case that the state is not required to prove the exact date alleged in the indictment but may prove the offense if any to have been committed at any time prior to 20th day of January, 2009, the presentment date of the indictment.

.     .     .

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 2005, in Denton County, Texas, the defendant, JOHNNY MARTINEZ, did then and there intentionally or knowingly cause the penetration of the sexual organ of [J.C.], a child younger than 17 years of age who was not the spouse of said defendant, by defendant's sexual organ, then you will find the defendant guilty of sexual assault, as charged in the indictment.

**ENHANCEMENT PARAGRAPHS**

In his first issue, Appellant complains that: (1) the first enhancement paragraph was improper because, by citing the incorrect date of conviction for the prior offense, a potentially fatal variance was created in the allegation and proof of the prior offense; and (2) notice of the revised

4

enhancement paragraphs a mere five days before trial was not constitutionally adequate.

The only variances between the enhancement paragraphs in the original indictment and the notice are the dates of conviction and the location of the district court in the second cause.[2] Appellant pled "true" to each enhancement allegation during the punishment phase. He did not dispute either conviction and in fact, testified about the nature of the offenses, the reasons why he committed the offenses, and the length of time he served in prison in each case.

Prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex.Crim.App. 1997). The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the individual named in the judgment. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex.Crim.App. 2006), *quoting Hollins v. State*, 571 S.W.2d 873, 875 (Tex.Crim.App. 1978).

It is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986). The purpose of the doctrine of variance is to avoid surprise. *See Plessinger v. State*, 536 S.W.2d 380, 381 (Tex.Crim.App. 1976). Variances between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *See Freda*, 704 S.W.2d at 42-3; *Thompson v. State*, 563 S.W.2d 247, 251 (Tex.Crim.App. 1978)(holding two-day variance between date of prior conviction as alleged in indictment and as proved by evidence was immaterial); *Simmons v. State*, 288 S.W.3d 72, 80 (Tex.App.--Houston [1st Dist.] 2009, pet. ref'd)("variances between an indictment and the proof of cause numbers, courts, and dates of conviction in enhancement

_____

[2] Appellant challenges only the dates.

paragraphs have been held not to be material."). Moreover, neither the indictment nor the charge must recite the dates of conviction as long as the allegations are sufficiently specific to apprise the defendant of the conviction being used against him and as long as the proof at the trial shows the necessary succession of offenses and final convictions. *Hernandez v. State*, 530 S.W.2d 563, 568 (Tex.Crim.App. 1975).

Here, the enhancement paragraphs correctly alleged the cause number, location of the court, the alleged offense, and the fact that the offense was a felony. A variance existed between the dates of conviction, and in the second paragraph, the court returning the conviction. Appellant has not demonstrated that the variance in any way surprised him or prejudiced him. Therefore, the variance is neither fatal nor material. *Freda*, 704 S.W.2d at 42-3.

Appellant next contends that the notice was untimely. Both Appellant and the State direct us to *Villescas v. State*, 189 S.W.3d 290 (Tex.Crim.App. 2006). There, the indictment did not contain enhancement allegations and the State failed to give notice of its intent to enhance punishment until six days before trial. *Id.* at 291. The Court of Appeals found that ten days' notice was presumptively reasonable, performed a harm analysis under TEX.R.APP.P. 44(2(b), and found substantial harm. *Id.* at 292. The Court of Criminal Appeals reversed and disavowed the presumptive ten day time period. *Id.* at 294. It noted that that the question was whether constitutionally adequate notice was given, and that "due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number days before trial." *Villescas,* 189 S.W.3d at 294. Emphasizing that Villescas had no defense to the enhancement allegation and that he had not sought a continuance, the court concluded that he had substantially more notice than that required to satisfy due process. *Id.*

6

The notice in this case was constitutionally adequate. Appellant did not have a defense to either enhancement and plead "true" to both. He testified about the details of each conviction and did not request a continuance. We overrule Issue One.

## SUFFICIENCY OF THE EVIDENCE

Appellant next challenges the sufficiency of the evidence to prove that the offense of sexual assault was committed in Denton County. We review the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard gives full play to the responsibility of the trier of fact in resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from basic to ultimate facts. *Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2789; *Gunter v. State*, 327 S.W.3d 797, 799 (Tex.App.--Fort Worth 2010, no pet.).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX.CODE CRIM.PROC.ANN. § 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied*, — U.S. —, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009). As a reviewing court, we do not resolve any conflicts of fact or re-evaluate the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); *In re H.G.G.D.*, 310 S.W.3d 43, 46 (Tex.App.--El Paso 2010, no pet.). Instead, our role is to determine whether both the explicit and implicit findings made by the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). If the record supports conflicting inferences, we presume that the fact finder resolved any inconsistencies in favor of the verdict and defer to that determination.

7

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). The same standard of review is applicable for both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), *overruled on other grounds, Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App. 2000).

For purposes of venue, the Fort Worth Court of Appeals has applied the standard set out in *Rippee v. State*, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964), which requires the reviewing court to find the evidence sufficient if "from the evidence the jury may reasonably conclude that the offense was committed in the county alleged." *See Rangel v. State*, 199 S.W.3d 523, 539 (Tex.App.--Fort Worth 2006), *pet. dism'd, improvidently granted*, 250 S.W.3d 96 (Tex.Crim.App. 2008). Proof of venue may comprise direct or circumstantial evidence. *Couchman v. State*, 3 S.W.3d 155, 161 (Tex.App.--Fort Worth 1999, pet. ref'd); *Knabe v. State*, 836 S.W.2d 837, 839 (Tex.App.--Fort Worth 1992, pet. ref'd). For the purpose of determining venue, the trier of fact may draw reasonable inferences from the evidence. *Couchman*, 3 S.W.3d at 161.

Appellant contends that contradictions between J.C.'s and Grigg's testimony raised doubts as to J.C.'s ability to properly identify the location of the alleged sexual act. He points to J.C.'s testimony that she initially thought that her son was conceived at the Steenson house and then changed her testimony to identify the Palisades house. Both of these locations are in Denton County. J.C. told Grigg that she had sex with Appellant in both Dallas and Denton counties before she turned seventeen. Appellant claimed the couple only had sexual relations in Dallas County before J.C. turned seventeen.

Viewing the evidence in the light most favorable to the verdict, and presuming that the fact finder resolved any inconsistencies in the evidence in favor of the verdict, we conclude that a

rational trier of fact could have found by a preponderance of the evidence that the evidence was sufficient for the jury to believe that J.C. and Appellant had sexual intercourse in Denton County. We overrule Issue Two.

**CHARGE ERROR**

In his final issue, Appellant contends that because the State did not elect the specific act upon which it relied, the jury charge allowed for a non-unanimous verdict. This, combined with the prosecutor's statements during closing argument, purportedly caused him egregious harm. He directs us to *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex.Crim.App. 1988) to support his argument that, because the State introduced evidence of numerous sexual acts, the State must elect the act upon which it relied for conviction. The rule set out in *O'Neal* regarding election is that "where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction." *O'Neal*, 746 S.W.2d at 771.

Appellant did not object to the charge and did not request an election. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex.Crim.App. 2011). Thus, we examine the charge for egregious harm. *Id.; see also* TEX.CODE CRIM.PROC.ANN. § 36.19 (West 2006); *Allen v. State*, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).

Egregious harm requires a showing of actual rather than theoretical harm. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex.Crim.App. 2005). For actual harm to be established, the charge error must have affected "the very basis of the case," "deprive[d] the defendant of a valuable right," or "vitally affect[ed] a defensive theory." *Cosio*, 353 S.W.3d at 777, n.72, *citing Warner v. State*, 245 S.W.3d 458, 462, 464 (Tex.Crim.App. 2008)(neither party bears the burden in showing harm or

9

egregious harm).   When assessing harm based on the particular facts of the case, we consider: (1) the charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Cosio*, 353 S.W.3d at 777.

> In relevant part, the charge read:

> The defendant, JOHNNY MARTINEZ, stands charged by indictment with the offense of Sexual Assault, alleged to have been committed on or about the 31st day of October, 2005, in Denton County, Texas.   The defendant has pleaded not guilty.

> .                    .                    .

> You are further charged as the law in this case that the state is not required to prove the exact date alleged in this indictment but may prove the offense if any to have been committed at any time prior to 20th day of January, 2009, the presentment date of the indictment.

> .                    .                    .

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 2005, in Denton County, Texas, the defendant, JOHNNY MARTINEZ, did then and there intentionally or knowingly cause the penetration of the sexual organ of [J.C.], a child younger than 17 years of age who was not the spouse of said defendant, by defendant's sexual organ, then you will find the defendant guilty of sexual assault, as charged in the indictment.

Clearly, the charged offense is a sexual assault which occurred on or about October 31, 2005.   J.C. testified that on the date alleged in the indictment she had sex with Appellant in Denton County. She told Grigg that she and Appellant were having "a lot of sex" around Halloween 2005 when she was sixteen and became pregnant.   Appellant did not dispute that he is the father of J.C.'s child. Unlike *Ngo*, where the defendant was charged in a single paragraph with different variations of the same offense by the commission of different criminal acts, the criminal act here was specific and sought conviction of only one crime.   Because nothing in the charge permitted a non-unanimous

10

verdict, this factor does not support a finding of egregious harm.

During closing argument, the prosecutor stated:

> So if you believe, at any point in time, they had sex once while she was under 17 in Denton County, he's guilty. We don't have to prove to you that [Ja.C.] was conceived in Denton County or that it was any particular date, that it was Halloween, we just have to prove one day. We charged him with one act, one offense. We have to prove that it occurred once. Could be any time.
> The evidence proves that beyond a reasonable doubt, also. The paternity testing and [Ja.C.]'s birthday.

While the prosecutor's statements are similar to *Ngo*, they accurately summarize the information provided to the jury in the court's instructions. This factor does not support a finding of actual harm.

We are also to consider the severity of the punishment assessed, which may indicate egregious harm in some situations. *Martinez v. State*, 313 S.W.3d 358, 369 (Tex.App.--Houston [1st Dist.] 2009, pet. ref'd). Appellant was found guilty of sexual assault of a child, a first-degree felony. *See* TEX.PENAL CODE ANN. § 22.011(a)(2)(A), (e)(West 2011). Appellant pled true to two enhancement paragraphs. He received a ninety-nine year sentence, the maximum of the punishment range of a first-degree felony. *See* TEX.PENAL CODE ANN. § 12.32(a)(West 2011) ("[a]n individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."). A maximum sentence alone does not indicate egregious harm. *Martinez*, 313 S.W.2d at 369.

Appellant admitted to having sexual relations with J.C. multiple times while she was a minor. He admitted paternity of her son. He pled true to an enhancement paragraph of the felony offense of burglary of a habitation, for which he received a sixty-year sentence. He pled

11

true to a second enhancement paragraph of the felony offense of burglary of a habitation, for which he was sentenced to forty years' confinement. Finally, while in jail awaiting trial, Appellant improperly used a cell phone to harass J.C. through her friends. We conclude that in light of the charged offense, Appellant's criminal record, his actions after his arrest, and his own admissions, the punishment assessed by the jury weighs against a finding of egregious harm. We overrule Issue Three and affirm the judgment of the trial court.


January 23, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J. (Not Participating)

(Do Not Publish)

12