COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-05-349-CR

NO.
2-05-350-CR

NO.
2-05-351-CR

 

LINDA RENEA SMITH                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Linda Renea Smith of two counts of possession of a controlled substance
(methamphetamine) with intent to deliver and one count of possession of a
controlled substance (psilocin) with intent to deliver.  The jury assessed Appellant=s punishment on each methamphetamine count at ten years= confinement and on the psilocin count at five years= confinement.  The trial court sentenced
her accordingly.

Appellant does not challenge
her convictions arising out of the events of December 2004.  But in four points concerning her remaining
conviction of possession of a controlled substance (methamphetamine) with
intent to deliver, arising out of the January 2004 events, she contends that
the evidence is legally and factually insufficient to support the conviction
and that the trial court deprived her of a opportunity to present a complete
defense.  In four additional points
complaining of punishment in the three cases, she contends that the trial court
abused its discretion by admitting extraneous offense evidence and medical
records and erroneously failed to submit an extraneous offense jury
instruction.  Because we hold that the
evidence is sufficient to support the challenged conviction and that the trial
court did not reversibly err, we affirm the trial court=s judgments.

The January 2004 Offense








In her first two points,
Appellant contends that the evidence is legally and factually insufficient to
support her conviction for possession of 
methamphetamine with intent to deliver on or about January 20,
2004.  Specifically, she argues that
merely being in proximity to the drugs and/or having knowledge of them does not
sufficiently show possession.  She relies
on evidence from defense witnesses that she did not live in the house in which
the drugs were found, that the bedroom in which she and the drugs were found
was not hers, and that other people had access to the room.  She also relies on the absence of evidence
tying her to the female clothes found in the room and the other items located
in the bag in which the drugs were discovered, as well as the absence of
evidence that a large amount of cash was recovered, that she smelled of the
residual odor of the contraband, that she attempted to flee, and that she made
any incriminating statements.  The
evidence shows the following:








During the police
investigation of Christopher Lloyd, Lloyd told Officer Martin that Appellant
had drugs in a lockbox in her bedroom in his house.  When Officer Martin entered the house,
Appellant and her boyfriend Mark Chavez were in the bedroom.  Appellant and Chavez told Officer Martin that
they had shared the room for about one month without paying rent.  Officer Martin said that Appellant orally
consented to his search of the room and that she retrieved the lockbox from
beside the bed when he asked her about it. 
She retrieved the key for the locked lockbox as well.  The lockbox contained a loaded handgun, glass
pipes, snorting tubes, many small baggies, finger scales, marijuana, roaches,
and butane fuel.  Appellant admitted to
Officer Martin that the handgun was hers. 
When Officer Martin asked Appellant about the methamphetamine that Lloyd
had reported was inside her lockbox, she told him that Chavez had put the drugs
underneath a pillow on the bed in the bedroom when the police arrived but
before they entered the bedroom. 
Underneath the pillow, the officers found a small black bag containing
eight baggies of methamphetamine.  The
total weight of the methamphetamine was later determined to be more than
thirty-six grams.  Chavez testified that
Appellant usually kept her lockbox with her and that she was the only person
with access to it, as far as he knew.  He
also testified that he had not moved the drugs from the lockbox to the
pillow.  Scales were also located in the
bedroom.  The jury charge did not contain
a charge on the law of parties.








Based on the applicable
standards of review,[2]
we hold that the evidence is legally and factually sufficient to link Appellant
to possession of the methamphetamine and to support her conviction for
possession of the methamphetamine with intent to deliver.  We overrule her first and second points.

In her seventh and eighth
points, Appellant contends that the trial court deprived her of an opportunity
to present a complete defense, violating her rights to due process and to
confront the witnesses against her.  Specifically,
Appellant contends that the trial court barred her from putting on evidence
implicating Christopher Lloyd and the other occupants of the home on that
January 2004 day when Appellant was arrested. 
Appellant
did not make an offer of proof concerning any of the excluded evidence.  She therefore has failed to preserve error.[3]  We overrule Appellant=s seventh and
eighth points. 

Punishment Issues








In her third point, Appellant
contends that the trial court abused its discretion by admitting extraneous
offense evidence through State=s witness Patricia Hill that was more prejudicial than probative.  Specifically, Appellant contends that Hill
should not have been allowed to testify about Appellant=s drug use during her pregnancy, her noncompliance with the service
plan, and the eventual termination of her parental rights.  Because Appellant was seeking a probated
sentence from the jury, we agree with the State that this evidence was
relevant.  Further, we cannot conclude
that the danger of its unfair prejudice substantially outweighed its probative
value.[4]  Consequently, we overrule Appellant=s third point.

The State concedes Appellant=s fourth point, in which she contends that the trial court erred by
omitting from the punishment jury charge an instruction not to consider the
extraneous offense evidence unless it was proved beyond a reasonable doubt.[5]  The State does not, however, concede harm.








Because Appellant did not
object to the omission of the instruction, we must decide whether the error was
so egregious and created such harm that Appellant did not have a fair and
impartial trialCin short,
that Aegregious harm@ has
occurred.[6]  In making this determination, Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@[7]  The purpose of this review is
to illuminate the actual, not just theoretical, harm to the accused.[8]  Egregious harm is difficult to prove and must
be determined on a case-by-case basis.[9]  Given the evidence of Appellant=s guilt of the three charged offenses, her long history with drugs,
other instances in which she failed to comply with a trial court=s orders, the lack of contrary evidence regarding her ability to
follow a trial court=s orders,
and the relatively light sentences she received in contrast to the maximum
sentences she faced, we cannot say that egregious harm occurred.  We overrule Appellant=s fourth point.








In her sixth point, Appellant
contends that the trial court erroneously admitted State=s exhibit 43 over her hearsay objection.  Exhibit 43 contains medical records of
Appellant and her daughter that were compiled at or near the time of the child=s birth.  The records were
admitted based on a business records affidavit. 
Appellant objected that the records should not be admitted absent
verifying testimony from a medical professional or other qualified expert who
would be subject to cross-examination. 
We conclude that Appellant did not raise a hearsay objection at
trial.  Because her objection at trial
does not comport with her sixth point, we overrule Appellant=s sixth point.[10]








In her fifth point, Appellant
contends that the trial court erroneously admitted State=s exhibit 43 over her Crawford[11]
objection.  Appellant concedes that A[t]rial counsel specifically raised his Crawford concern in
light of the medical and lab reports or diagnos[e]s that were contained in the
records and because Appellant would be deprived cross-examination on the
accuracy of those results,@ and our review of the record confirms that Appellant=s objection was so tailored. 
Appellant=s complaints
on appeal about Astatements
and actions relating to the TDPRS investigation and the hospital=s assistance in the process, as well as statements relayed to hospital
personnel by third parties (including TDPRS and the district attorney=s office)@ were
therefore not preserved by an objection to the trial court.[12]
 Further, Appellant=s complaint regarding the medical reports, lab reports, and diagnoses
is not adequately preserved because Appellant does not point to specific
damaging information on each specific page and explain why it is both
objectionable and harmful.[13]  She instead points us to several unnumbered
pages in the original exhibit that were apparently turned down at the corners
at trial (but are no longer turned down). 
In the interest of justice, we nevertheless note that the harmful
information about Appellant being on drugs at the time she was admitted for
labor and delivery and the child being born with drugs in her system properly
came in elsewhere.  Consequently, we
overrule Appellant=s fifth
point.

Conclusion

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgments.

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER,
and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 5, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000) (all providing legal
sufficiency standard of review); see Zuniga v. State, 144 S.W.3d 477,
481-82, 484-87 (Tex. Crim. App. 2004); Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997) (all providing factual sufficiency standard of review); see also
Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005)
(providing Aaffirmative links@ rule).





[3]See Tex.
R. Evid. 103(a)(2), (b); Tex. R.
App. P. 33.2; Fairow v. State, 943 S.W.2d 895, 897 n.2 (Tex.
Crim. App. 1997); Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim. App.
1993), cert. denied, 511 U.S. 1100 (1994); Love v. State, 861
S.W.2d 899, 901 (Tex. Crim. App. 1993).





[4]See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2006);

Tex. R.
Evid. 403; Erazo v.
State, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004); Rogers v. State,
991 S.W.2d 263, 266 (Tex. Crim. App. 1999).





[5]See Tex. Code
Crim. Proc. Ann. art.
36.14 (Vernon Supp. 2006); Huizar v. State, 12 S.W.3d 479, 483-84 (Tex.
Crim. App. 2000).





[6]Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985) (op. on reh=g); see Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 1981); Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996).





[7]Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172-74.





[8]Almanza, 686 S.W.2d at 174.





[9]Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim.
App. 2002); Hutch, 922 S.W.2d at 171.





[10]See Tex.
R. App. P. 33.1(a)(1)(A); Mosley v. State, 983 S.W.2d 249, 265
(Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Bell
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 827 (1997).





[11]Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354
(2004).





[12]See Tex.
R. App. P. 33.1(a)(1)(A); Mosley, 983 S.W.2d at 265; Bell,
938 S.W.2d at 54; see also Human v. State, 749 S.W.2d 832, 838
(Tex. Crim. App. 1988); Beltran v. State, 728 S.W.2d 382, 387 (Tex.
Crim. App. 1987).





[13]See Human, 749 S.W.2d at 838 (holding that
when part of the offered evidence is admissible and part is not, the objecting
party must specifically point out which part is inadmissible).