NUMBER 13-06-072-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ARTURO GALLEGOS, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

Following a bench trial, appellant, Arturo Gallegos, Jr., was convicted for felony
driving while intoxicated (DWI). The trial court assessed punishment at five years'
imprisonment, then suspended the sentence and placed appellant on community
supervision for five years and issued a $1,000 fine. Through one point of error, appellant
contends the evidence is legally and factually insufficient to prove one of two alleged prior
DWI convictions. We affirm.

I. Factual Background 

 Appellant was charged with DWI, third or more. (1) The indictment alleged appellant
was convicted of DWI in Jim Wells County on January 11, 2002 (cause number 33,858),
and in Nueces County on September 9, 1992 (cause number 92-2763-3). Appellant
pleaded "not guilty" to the present DWI offense and "not true" to the prior convictions. 

 At trial, appellant only contested the prior DWI conviction in Jim Wells County. To
prove this conviction, the State offered two exhibits, numbered 3 and 5. Exhibit 3 is a
certified copy of appellant's driving record from the Texas Department of Public Safety. 
Exhibit 5 contains four documents that pertain to the Jim Wells County conviction, all of
which are certified by the County Clerk of Jim Wells County. These documents include (1)
an information, (2) a bail bond agreement, (3) a "Waiver of Rights and Plea of Guilty," and
(4) a "Final Conviction Arraignment."

II. Discussion

Appellant argues there is legally and factually insufficient evidence to prove beyond
a reasonable doubt that he is the same Arturo Gallegos, Jr. named in the Jim Wells County
conviction. (2) We disagree.

1. Standard of Review

 In a legal sufficiency review, we view the evidence in the light most favorable to the
verdict in order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. (3) When reviewing the factual
sufficiency of the evidence to support a conviction, we view the evidence in a neutral light
and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt. (4) 
We then determine whether the evidence supporting the verdict is so weak that the verdict
is clearly wrong and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. (5)

2. State's Evidentiary Burden

 The Texas Court of Criminal Appeals, in Flowers v. State, (6) recently discussed the
State's evidentiary burden for establishing that a defendant has been convicted of a prior
offense. In Flowers, the court stated:

 To establish that a defendant has been convicted of a prior offense, the
State must prove beyond a reasonable doubt that (1) a prior conviction
exists, and (2) the defendant is linked to that conviction. No specific
document or mode of proof is required to prove these two elements. There
is no "best evidence" rule in Texas that requires that the fact of a prior
conviction be proven with any document, much less any specific document. 
While evidence of a certified copy of a final judgment and sentence may be
a preferred and convenient means, the State may prove both of these
elements in a number of different ways, including (1) the defendant's
admission or stipulation, (2) testimony by a person who was present when
the person was convicted of the specified crime and can identify the
defendant as that person, or (3) documentary proof (such as a judgment)
that contains sufficient information to establish both the existence of a prior
conviction and the defendant's identity as the person convicted. Just as
there is more than one way to skin a cat, there is more than one way to
prove a prior conviction.


 Texas substantive law does not require that the fact of a prior conviction be
proven in any specific manner. Article 37.07 of the Code of Criminal
Procedure permits proof of a defendant's "prior criminal record," but it does
not require the production of a certified judgment to prove that prior criminal
record. Any type of evidence, documentary or testimonial, might suffice. . . . (7)


The court went on to recognize that "'ordinarily the proof that is adduced to establish that
the defendant on trial is one and the same person that is named in an alleged criminal
conviction or convictions closely resembles a jigsaw puzzle.'" (8)

 The trier of fact fits the pieces of the jigsaw puzzle together and weighs the
credibility of each piece. (9) The trier of fact then determines if these pieces fit together
sufficiently to complete the puzzle. (10) The totality of the evidence admitted is considered
to determine (1) whether there was a previous conviction, and (2) whether the defendant
was the person convicted. (11) If these two elements can be found beyond a reasonable
doubt, then the various pieces used to complete the puzzle are necessarily legally
sufficient to prove a prior conviction. (12)

3. State's Evidence

 To prove appellant's prior conviction in the instant case, the State introduced
appellant's driving record, which appellant admitted was his record. Though the record
does not list the 2002 conviction in Jim Wells County, it does state appellant's full name,
date of birth, driver's license number, and eye color. The State also introduced an
information, which charged a defendant named "Arturo Gallegos Jr." with the offense of
DWI. The information's cause number is 33,858 and the document is dated November 3,
1997. The information is complemented by a bail bond agreement that is also dated
November 3, 1997. The bond provides personal information pertaining to a defendant
named "Arturo Gallegos Jr.," who was charged with DWI. It also states the defendant's
date of birth, driver's license number, and eye color--all of which correspond with
appellant's driving record.

 The final two documents, entitled "Waiver of Rights and Plea of Guilty" and "Final 
Conviction Arraignment," both (1) involve a defendant named "Arturo Gallegos Jr." who
pleaded guilty to the offense of DWI, (2) bear the cause number 33,858, and (3) are dated
January 11, 2002. In the "Waiver of Rights and Plea of Guilty," the defendant pleads guilty
to the offense of "DRIVING WHILE INTOXICATED committed in Jim Wells County, Texas,
on or about November 3, 1997, as alleged in the Information"--the same date contained
on both the information and the bond. Furthermore, the defendant in the "Final Conviction
Arraignment" has appellant's same date of birth.

4. Fitting the Pieces Together

 The four documents that comprise State's Exhibit 5 share a variety of
commonalities, allowing one to reasonably conclude that the documents are all related to
the same defendant and criminal charge. The defendant discussed in these documents
has the same full name, date of birth, driver's license number, and eye color ascribed to
appellant in his driving record.

 Viewing the evidence in the light most favorable to the verdict, we hold that a
rational trier of fact could have found that the State presented documents that, when taken
together, proved beyond a reasonable doubt that (1) there was a previous DWI conviction
in Jim Wells County and (2) that appellant was the person convicted. Therefore, the
evidence is legally sufficient to prove appellant's DWI conviction in Jim Wells County. 

 Furthermore, considering the evidence in a neutral light, we hold that the evidence
supporting the verdict is not so weak such that the verdict is clearly wrong or manifestly
unjust. Appellant contends that since the Jim Wells County DWI conviction is not listed on
his driving record, the State's evidence is factually insufficient to establish beyond a
reasonable doubt that he is the same Arturo Gallegos, Jr. named in the documents
pertaining to that conviction. Appellant offers no additional evidence to prove he was not
convicted of DWI in Jim Wells County. After reviewing the totality of the evidence, we
conclude that the evidence is also factually sufficient to link appellant to the prior DWI
conviction.

III. Conclusion

 We overrule appellant's point of error and affirm the judgment of the trial court.


 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 5th day of July, 2007.


1. Tex. Pen. Code Ann. §§ 49.04, 49.09 (Vernon 2003).
2. In his brief, appellant argues the evidence is insufficient to prove that he was previously convicted
of DWI in Live Oak County. We note, as acknowledged by the State in its brief, that appellant was never
accused of having a prior conviction in Live Oak. The State's brief treats appellant's reference to Live Oak
as a mistake, and interprets appellant's argument as intending to attack the sufficiency of the evidence linking
appellant to a DWI conviction in Jim Wells County. We shall do the same.
3. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005).
4. See Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). 
5. Id. at 415.
6. Flowers v. State, No. PD-1081-06, 2007 Tex. Crim. App. LEXIS 428, at **7-9 (Tex. Crim. App. Apr.
18, 2007).
7. Id.
8. Id. at *12 (quoting Human v. State, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988) (op. on reh'g)).
9. Id.
10. Id.
11. Id.
12. Id.